James DEMOS, Appellant (Plaintiff below),

v.

BOARD OF COUNTY COMMISSIONERS OF NATRONA COUNTY, Wyoming, Appellee (Defendant below).

No. 4769.

Supreme Court of Wyoming.

Nov. 29, 1977.

Richard G. Miller, Miller and Miller, Casper, for appellant.

Daniel M. Burke, County and Pros. Atty., and Ralph Boynton, Deputy County and Pros. Atty., Casper, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

McCLINTOCK, Justice.

James Demos appeals from an order granting summary judgment on his complaint for a declaratory judgment. The question is whether the Board of County Commissioners is authorized by § 12–6, W.S.1957, 1975 Cum.Supp. to issue three county retail liquor licenses within five miles of every incorporated city or town even if the five-mile zones overlap and the location of the licenses is such that more than three licenses may be within five miles of a particular city or town.

The essential facts out of which this question of statutory interpretation arises are brief. Demos submitted to the Board an application for a retail liquor license. The Board rejected his application because by its interpretation of § 12–6 a license could not be granted to Demos because his proposed location would be within five miles of Casper and Mills, which each had at least three liquor licenses in their five-mile zones. In pertinent part § 12–6, W.S.1957, 1975 Cum.Supp. reads as follows:

" * * * Retail licenses may be issued in counties outside of incorporated cities

or towns in the ratio of one retail liquor license to each five hundred (500) population of said county outside of such cities and towns but not more than three (3) retail liquor licenses shall be granted by the county commissioners within a five (5) mile zone surrounding the corporate limits of any city or town, * * *."

There is no question that there is sufficient population residing outside the incorporated cities and towns of the county to authorize the issuance of additional retail liquor licenses.

The incorporated city of Casper and the incorporated towns of Mills and Evansville, all located in Natrona County, are less than five miles from each other. The total number of county retail liquor licenses located within five miles of these municipalities is five, but some licenses are located so that they are within five miles of more than one of the municipalities.

The question of whether the Board may issue three county retail liquor licenses within five miles of every incorporated city or town where the five-mile zones overlap so that the location of the licenses is such that more than three licenses are within five miles of a particular city or town, is answered by a plain reading of the statute. Even if the Board has already exceeded the permissible number in one or more instances, we will not disturb the unambiguous words of the statute:

"  * * * not more than three (3) retail liquor licenses shall be granted by the county commissioners within a five (5) mile zone surrounding the corporate limits of any city or town, * * *."

 The construction of a statute by those charged with its execution is entitled to consideration in construing the statute, *State ex rel. Goshen Irr. Dist. v. Hunt,* 49 Wyo. 497, 57 P.2d 793 (1936). But here the Board, which administers the statute in question, is no longer supporting the construction under which it apparently operated in the past. Furthermore, its construction should be disregarded if it is clearly erroneous, *Florida Citrus Exchange v. Folsom,* 246 F.2d 850 (5th Cir. 1957); *Jno.*

*McCall Coal Company v. United States,* 374 F.2d 689 (4th Cir. 1967); *State ex rel. Goshen Irr. Dist. v. Hunt,* supra; *Raggio v. Campbell,* 80 Nev. 418, 395 P.2d 625 (1964). Where, as here, the language of the statute is unambiguous, there is no room for construction, *International Harvester Co. of America v. Jackson Lumber Co.,* 25 Wyo. 367, 170 P. 6 (1918); *Dixie Coaches, Inc. v. Ramsden,* 238 Ala. 285, 190 So. 92 (1939), reh. den.

The construction advocated by Demos is clearly erroneous. The Attorney General of this state has interpreted § 12–6 to mean that three licenses could be issued within the five-mile limit of each municipality with overlapping five-mile zones, provided that no one municipality has more than three licenses within its five-mile zone, Attorneys General Opinions, April 10, 1969, Opinion 11. Such an opinion is entitled to judicial consideration, *School Districts Nos. 2, 3, 6, 9, and 10 v. Cook,* Wyo., 424 P.2d 751 (1967), and agreeing with it, we hold it to be dispositive of this case.

Affirmed.