**In the Matter of the Injury to Mark HASSER, an Employee of Flint Engineering.**

**Mark HASSER, Appellant (Employee-Claimant),**

v.

**FLINT ENGINEERING, Appellee (Employer-Respondent).**

No. 5664.

Supreme Court of Wyoming.

June 24, 1982.

John S. Wolfe of Banks & Johnson, Gillette, for appellant.

Randal R. Arp of Morgan & Brorby, Gillette, for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

RAPER, Justice.

This case involves a claim made under the Worker's Compensation Act (Act), § 27–12–101 et seq., W.S.1977. Specifically this appeal arises from a district court's order denying appellant additional benefits under the Act for temporary total disability as defined in § 27–12–402(a), W.S.1977.[1] The question is raised as to how benefits should be calculated when an employee, who is paid an hourly wage, has worked a varying number of hours per week.

We will affirm.

On August 14, 1979, Mark Hasser (appellant) while employed by Flint Engineering (appellee) was injured on the job. As a result, appellant was temporarily incapacitated and unable to work. On August 17, 1979, appellee filed its report of injury with the clerk of the district court. In it, appellant's monthly rate of pay at the time of the injury was pegged at $1500. On August 24, 1979, appellant filed his report and listed his monthly rate of pay as $1200. On December 3, 1979, appellant filed his Application and Claim for Award Under the "Worker's Compensation Law," and re-

quested an award of $800 per month during his incapacitation. No objection was filed by appellee. On December 10, 1979, the clerk of the district court, finding no dispute and with appellee's approval, entered an order of award pursuant to § 27–12–601(a), W.S.1977.[2] The award was for temporary total disability benefits in the sum of $800 per month for so long as the disability continued. Appellant repeatedly thereafter filed monthly claims for the $800 per month award. Since § 27–12–402(a), supra, provides that an employee who is temporarily and totally disabled should receive two-thirds of his or her monthly rate of pay, it is apparent that the award was premised upon appellant's listing of his monthly rate of pay as $1200.[3]

On October 9, 1981, appellant filed a supplemental application for additional benefits from the date of injury under § 27–12–606, W.S.1977.[4] He claimed that he had made a mistake in his initial application and that the gross monthly wages with appellee for which he had been hired had been $1806.02 rather than $1200 per month. Appellee objected to the petition for additional benefits and the case was set for hearing by

1. Section 27–12–402(a), W.S.1977 provides:
   "(a) Temporary total disability means a compensable injury which temporarily incapacitates the employee from performing any work at any gainful occupation for which he is reasonably suited by experience or training for the time, but from which he may be able to resume work. In such cases the employee shall receive a monthly allowance or pro rata portion thereof, of two-thirds of his actual monthly rate of pay but not less than one hundred eighty-eight dollars ($188.00) per month nor more than the state's average monthly wage set annually by the state treasurer."
   The "state's average monthly wage set annually by the state treasurer" does not appear in the record nor as an issue. We assume it would be inapplicable.

2. Section 27–12–601(a), W.S.1977 provides:
   "(a) If an injury or death resulting from injury is reported to the clerk of the district court of the county in which the injury occurred, in accordance with the provisions of this act [§§ 27–12–101 to 27–12–804], the clerk or his designee shall review the reports of the injury to ascertain whether the case should be

docketed. The district judge shall appoint an investigator to investigate the injury and claim to ascertain whether the claim for compensation or the amount is disputed by the employer. If there is no dispute and the claim appears free of collusion, the clerk may order immediate payment or denial of compensation in accordance with the facts he ascertained and the terms of this act."

3. Eight hundred dollars is two-thirds of twelve hundred dollars.

4. Section 27–12–606, W.S.1977 provides:
   "Where an award of compensation has been made in favor of or on behalf of an employee for any benefits under this act [§§ 27–12–101 to 27–12–804], an application may be made to the clerk of district court by any party within four (4) years from the date of the last award, or at any time during which monthly payments under an award are being made, for additional benefits of any type or nature or for a modification of the amount of the award on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud."

the district court pursuant to § 27–12–607, W.S.1977.[5]

The only issue at the hearing concerned appellant's monthly rate of pay. Appellant testified that he had been hired to perform sixty hours of work per week (ten hours for six days) at five dollars and fifty cents an hour.[6] However, appellant conceded that when it rained, he would not work but would be paid for four hours. During the week immediately preceding the accident, appellant claimed to have worked sixty hours.

Appellee's bookkeeper, testifying from her knowledge of appellee's records, agreed that appellant had worked sixty hours the week prior to the pipeline accident. She also indicated that for that job his hourly wage was in fact five dollars and fifty cents plus time and a half for any hours in excess of forty hours. However, two weeks before his accident, the records showed that appellant had worked thirty-eight and one half hours pipelining and twenty hours as a roustabout—a job paying four dollars and fifty cents an hour. Three weeks before the accident, he had worked only twenty-two hours roustabouting, and the week before that he had not worked at all. The bookkeeper did note that appellant had worked for appellee the fifth week prior to the accident but that she could not recall the number of hours. She did indicate following his return to work, that only twice had appellant worked sixty-hour weeks.

Appellee's district manager also testified. He indicated that his job was to supervise the crews working for appellee. He stated that the number of hours worked by a crew in a week varies greatly. One week they may get seventy hours in, while another week they may only work ten. Though he had not hired appellant, the district manager did say that the practice was not to tell a new employee that he would work a particular number of hours, "because nobody with Flint Engineering or anyone else knows how many days a week we are going to work."

At the close of the hearing, the trial judge expressed his intention to deny the petition as follows:

"I think this employee has been very fairly treated, and I don't believe that, from the testimony, that he was hired and guaranteed 60 hours a week. His testimony is that he was only to receive four hours a day on rain days. I think there is evidence of that. I think probably, unless somebody is absolutely hired and guaranteed 60 or 70 or 50—whatever—hours per week or something less, a definite understanding, that the courts probably should rely on the standard 40 hours per week. I think that's what is meant by actual monthly rate. It doesn't say monthly, what he received in the month, but rate."

The clerk of court's award of $800 per month was left standing, and on January 18, 1982 an order was entered denying appellant's request for additional benefits. From that order this appeal has been taken by the employee. The question we must resolve is whether the district court acted

5.  Section 27–12–607, W.S.1977 provides:
    "Every award within the meaning of this act [§§ 27–12–101 to 27–12–804] is a judicial determination of the rights of the employer, the employee and the disposition of money within the various accounts provided under this act as to all matters involved. Except as otherwise provided, the Wyoming Rules of Civil Procedure shall govern in matters before the courts of this state in reference to this act. No award of compensation or allowance of any expense claim chargeable against the account of any employer contributing under this act shall be made without notice to the employer and opportunity for hearing, unless the employer files written consent to the claim in the court having jurisdiction. If no written objection to the payment of the claim is filed within ten (10) days from the date of verified receipt of the notice to the employer or his qualified agent, it is conclusively presumed that the employer consents to the claim and the claim shall be submitted to the clerk of district court for approval. If after a diligent effort has been made the notice cannot be served upon an employer, the clerk of district court may allow or disallow the claim."

6.  Federal law requires employers to pay time and a half for any hours worked over and above a forty-hour work week. 29 U.S.C. § 207(a)(1).

properly in denying appellant's petition for additional benefits based upon mistake.

The legislature in § 27–12–402(a), supra, determined that, when an employee, covered by the Act, received an on-the-job injury which temporarily, but totally, disabled him or her, that employee was entitled to a monthly allowance from the industrial accident fund.[7] The allowance was set at two-thirds of the employee's "actual monthly rate of pay." However, no definition of the phrase "actual monthly rate of pay" was provided in the Act. And, since the question has not been presented to this court before, we have no Wyoming case law construing that terminology.

At the hearing in the district court, Lynn Hanson—an employee of the Campbell County Worker's Compensation Office—testified as to the procedure followed by her office in determining an injured worker's monthly rate of pay. Generally an individual's gross monthly salary was used as the monthly rate of pay. When the worker's pay had been computed on an hourly basis, she indicated her office multiplied the hourly rate by the number of hours worked per week, presumably forty. Normally this was the employee's earnings for the last full week worked. That figure would then be multiplied by fifty-two and subsequently divided by twelve. The resulting amount was used as the monthly rate of pay. However Ms. Hanson observed that the formula employed by her office had, by necessity, flexibility built into it. The ultimate goal was to find a figure which accurately reflected actual monthly pay. When it happened that, by using the pay or the hours worked for one particular week, a distortion resulted, alternate numbers based on averaging would be employed. A distortion, for example, would result to the employee's detriment if during the last full week he was employed he worked only 20 hours when work history indicated periods of 40 hours per week or overtime were in the picture.

It should also be observed that the formula outlined by Ms. Hanson appears on the worker's application and claim for award form, WCD–13, furnished by the Wyoming Compensation Department. This form asks for the actual monthly rate of pay at the time of the injury and then states parenthetically, "If paid an hourly rate compute monthly rate at the amount received per hour $_____ times hours worked per week, times 52 weeks divided by 12."

█ It has long been recognized in Wyoming that the construction placed upon a statute by those charged with its execution is entitled to some deference. *Demos v. Board of County Commissioners of Natrona County*, Wyo., 571 P.2d 980 (1977). This court, when construing a statute, is bound to consider the interpretation of a statute made by the agency administering it. *Langdon v. Lutheran Brotherhood*, Wyo., 625 P.2d 209 (1981). It is clear that those administering the Worker's Compensation Act have devised a method of computing an hourly wage earner's monthly rate. They multiply the hourly rate by the hours worked in a week, times the fifty-two weeks in the year, and divide by twelve months. This formula seems to work reasonably well and does result in a figure which approximates a monthly rate of pay. Accordingly we have no quarrel with its use so long as the resulting figure fairly represents the parties' understanding. It cannot be applied with precision here because of the variable hours per week put in by appellant under the terms of his employment. The clerk, through an established practice and agency interpretation, adopted an averaging process to reach what would be considered a monthly actual rate of pay fair to both employee and employer as well as the industrial accident fund. We approve these practices under the existing statute.

It is the court's obligation to make sense out of a statute and give full force and effect to the legislative product; in construing statutes, intention of the law-making body must be ascertained from the language of the statute as nearly as possible. A statute must not be given a meaning

---

7. This fund was created and described in § 27–12–805, W.S.1977.

which would nullify its operation if it is susceptible of another interpretation. *McGuire v. McGuire*, Wyo., 608 P.2d 1278 (1980). We point out that "actual monthly rate of pay" does not refer specifically to either a salary of a fixed amount or wages paid at an hourly rate for any particular number of hours. Since it is in such general terms, it is capable of being applied in a range of situations, including those that are variable. The term "actual" according to Webster means existing in reality, not merely possible but real. Monthly is a particular span of time. So, what is appellant really paid during a period of a month? The statute does not specify which month is used as a measure, for example, not the month during which the injury occurred, nor the month preceding, or any other particular month. The generality of the phrase lends itself to a reasonable interpretation depending upon the circumstances, and elasticity that permits a fair benefit payment. Statutes should be given a reasonable, practical construction. *State Board of Equalization v. Cheyenne Newspapers, Inc.*, Wyo., 611 P.2d 805 (1980).

While Wyoming's statute is unique,[8] it has characteristics comparable to what prevails in New York. 64 McKinney's Consolidated Laws of New York, Workmen's Compensation Law, § 15, subparagraph 5:

> "5. Temporary partial disability. In case of temporary partial disability resulting in decrease of earning capacity, the compensation shall be two-thirds of the difference between the injured employee's average weekly wages before the accident and his wage earning capacity after the accident in the same or another employment but shall not exceed in total five thousand five-hundred dollars.

> "5–a. Determination of wage earning capacity. The wage earning capacity of an injured employee in cases of partial disability *shall be determined by his actual earnings*, provided, however, that if he has no such actual earnings the board

may in the interest of justice fix such wage earning capacity as shall be reasonable, but not in excess of seventy-five per centum of his former full time actual earnings, having due regard to the nature of his injury and his physical impairment." (Emphasis added.)

In *Reukauf v. Mobil Oil Corp.*, 44 A.D.2d 856, 355 N.Y.S.2d 189 (1974), the claimant's wages fluctuated considerably from week to week, just as here, due to substantial overtime compensation. The court said: "In our view, the only fair method of determining claimant's actual earnings under these circumstances is to select a reasonable period and average his earnings." In such instance, as in the case at bar, actual earnings are the measure, reasonably applied. Averaging is done with actual rates of pay so that the net result is "actual rate of pay."

The questions which then arise are ones of fact: what was the agreed upon hourly rate and how many hours were generally to be worked in a week. There is no dispute here as to the hourly wage. The disagreement centers upon the number of hours appellant was hired to work per week. The initial award was based upon a monthly rate of $1200 claimed by appellant in his application for award. At an hourly rate of $5.50 with time and a half for overtime, for appellant to have had such a monthly rate of pay, computed in accord with Ms. Hanson's formula, he would have had to work 46.9 hours a week [($5.50 × 40 + $8.25 × 6.9) × 52 ÷ 12 = $1200]. So, to be entitled to additional benefits, a showing needed to be made that appellant had been hired to work more than 46.5 hours. The district court concluded that the evidence failed to show that appellant had been hired with such an understanding.

When reviewing a finding of fact, we assume the evidence of the successful party is true and draw any reasonable inference while leaving out of consideration the con-

---

**8.** 2 Larson, Workmen's Compensation Law § 60.11(a), observes that in almost every jurisdiction the statutory beginning point in calculating benefits is the "average weekly wage," except Washington and Wyoming. However, that may not be a completely accurate note as far as the actual practice in Wyoming is concerned.

flicting evidence presented by the opposing party. *Distad v. Cubin*, Wyo., 633 P.2d 167 (1981). The appellant failed to prove that he was hired to work 60 hours per week. The burden is on the claimant to prove entitlement to the compensation award he seeks. *Gifford v. Cook-McCann Concrete, Inc.*, Wyo., 526 P.2d 1197 (1974); *Black Watch Farms v. Baldwin*, Wyo., 474 P.2d 297 (1970). Here, the district court concluded implicitly that the appellant was not hired to work, generally, more than 46.9 hours per week and let the $800 monthly benefit remain in place. The evidence clearly supports a lesser award. Appellant was initially and finally awarded more than the $635.37 he was entitled to (40 × $5.50 × 52 ÷ 12 = $953 × .6667 = $635.37). However, appellee has not cross-appealed and during oral argument declared that it did not wish to contest the $800 per month award, even though it was excessive. Accordingly we must uphold the district court's conclusion that appellant was not entitled to additional benefits.[9]

Affirmed.

ROONEY, Justice, specially concurring.

I concur in the result reached by the majority opinion. However, I do not believe that a legal determination can be "elastic" and subject to variation on a case-to-case basis. The question here presented to us requires a positive answer by us so that an appeal to us in every case will not be required for interpretation of a statute on a case-by-case basis.

When the legislature spoke of an "actual monthly rate of pay," it was not speaking of "actual monthly pay." In construing a statute, words are given their plain, ordinary and usual meaning. *Board of County Commissioners v. Ridenour*, Wyo., 623 P.2d 1174, reh. denied 627 P.2d 163 (1981); *Jahn v. Burns*, Wyo., 593 P.2d 828 (1979). Each word must be given meaning and the statute should be construed so that no part or

word will be inoperative or superfluous. *State Board of Equalization v. Cheyenne Newspapers, Inc.*, Wyo., 611 P.2d 805 (1980); *Basin Electric Power Cooperative v. State Board of Control*, Wyo., 578 P.2d 557 (1978).

A variance in amount of time worked in different months can create many problems in determining the "actual monthly pay" for the purposes of the statute. This is not so in determining the "actual monthly rate of pay."

The time for determining the "actual monthly rate of pay" under this enactment is the time of the actual injury. It would be unfair to declare such rate of pay to be that paid last year or last week or yesterday or even that contemplated to be paid at a future time. The worker's benefit should be figured on the rate of pay which existed at the time of the injury. Such is the *actual* rate of pay, and is that contemplated by the statute.

An actual rate of pay for any given period—annually, weekly, hourly, etc.,—can be converted into a monthly rate of pay with simple arithmetic. The same can be done with regard to actual pay *if such pay for a given interval* is constant. The actual rate of pay at the time of injury is always constant. However, one other factor is necessary to compute the benefit if payment is actually being made for a period other than a month. The needed factor before conversion can be made is the amount of time to be worked in such period. For example, if the rate of pay is $500.00 per month, all factors are present for determining the benefit regardless of the amount of time actually worked, or to be worked in the several months. But if the rate of pay is $5.00 per hour, it will be necessary to ascertain the number of hours contemplated to be worked in a month in order to ascertain the monthly benefit.

An eight-hour, five-day, forty-hour week is generally accepted as the standard work time in the United States. The standard work time under the Fair Labor Standards

**9.** The Wyoming statute may not be adequate to clearly set out a formula applicable in the case of workers hired on the basis of hours worked, without a constant and in other circumstances as well. See Larson, § 60.11(a), fn. 77 in particular, supra, fn. 8. The legislature may wish to give this deficiency its attention.

·Act is forty hours per week. 29 U.S.C. § 207. The standard work time for state and county employees is forty hours per week and eight hours per day. Section 27-5-101, W.S.1977. The work day for employment in mines and reduction and refining works is eight hours. Sections 27-5-102, 27-5-103, 27-5-105, W.S.1977. The legislature is taken to have such in mind when enacting the Worker's Compensation Act. All statutes are presumed to be enacted with full knowledge of existing law. *Brittain v. Booth*, Wyo., 601 P.2d 532 (1979); *White v. Board of Land Commissioners*, Wyo., 595 P.2d 76 (1979).

Of course, unless prevented by statute, there is nothing to stop an employer and employee from agreeing to a different time span for work, whether it be less or more, i.e., twenty hours per week or sixty hours per week. Subject to such agreement, the legislature enacted the Worker's Compensation Act with an understanding that the standard work time would be forty hours per week or eight hours per day on a five-day work week. The standard can be converted into any other time interval, i.e., 2,080 hours per year, 173⅓ hours per month, etc.

The benefit for an injured worker should be computed at his actual monthly rate of pay, with a conversion of annual, hourly, weekly, etc., rates of pay to a monthly rate of pay on the basis of the standard work time being a forty-hour, five-day work week, subject, however, to an agreement between employee and employer of another standard work time. This, regardless of actual time worked, be it a new employee who began work the day before the injury or a long-time employee who worked eighty hours in the preceding month.

In this case, appellant's monthly benefit would be $635.54. As reflected in the majority opinion, the award of $800.00 was not contested by a cross appeal, and the district court's decision should be affirmed.