Argued and submitted July 10, 1981, reversed;
referee's order reinstated September 1, 1982

In the Matter of the Compensation of
Thomas A. Jacobs, Claimant.

JACOBS,
*Petitioner,*

*v.*

LOUISIANA-PACIFIC,
*Respondent.*

(80-00313; CA A20770)

650 P2d 154

Michael Strooband, Eugene, argued the cause for petitioner. With him on the brief was Bischoff, Murray & Strooband, P.C., Eugene.

Dennis R. VavRosky, Portland, argued the cause for respondent. With him on the brief were Ronald W. Atwood, and Rankin, McMurry, VavRosky & Doherty, Portland.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Warren, Judge.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant suffered a compensable low-back injury resulting in a herniated disc requiring surgical disc excision in June, 1979. Although he has made an excellent recovery and has returned to work with the same employer with some modification in his work, he has passed up three specific higher paying, but more strenuous, jobs because of his injury. By a determination order, claimant was granted 32 degrees for unscheduled permanent partial disability; after hearing, the referee increased the award to 64 degrees (20 percent) for unscheduled permanent disability. The referee specifically found that claimant was credible and that he did not exaggerate his disability.

On review by the Board, the order of the referee was reversed, and the determination order was affirmed. In reaching its decision, the Board pointed out that claimant was able to perform his previous job with few modifications. It then stated:

> "* * * The fact that he had to turn down three higher paying jobs is not evidence of a loss of wage earning capacity."

It appears that the Board confused loss of earnings with loss of earning capacity. The distinction was made clear in *Ford v. SAIF*, 7 Or App 549, 552, 492 P2d 491 (1972), in which we stated:

> "Earning capacity must be considered in connection with a workman's handicap in obtaining and holding gainful employment in the broad field of general industrial occupations and not just in relationship to his occupation at any given time. A workman's post-injury earnings is evidence which, depending upon the circumstances of an individual case, may be of great, little, or no importance in determining loss of earning capacity. * * *"

If, in fact, claimant here was qualified, but for his physical disability, for higher paying jobs, his wage-earning *capacity* has decreased by virtue of his disability.

Reversed; referee's order reinstated.