Albert A. McCARTY, Appellant
(Employee-Claimant),

v.

BEAR CREEK URANIUM COMPANY,
Appellee (Employer-Defendant),

State of Wyoming, ex rel. Wyoming
Worker's Compensation Division,
Appellee (Objector-Defendant).

No. 84–65.

Supreme Court of Wyoming.

Jan. 23, 1985.

Donald L. Painter, Casper, for appellant.

D. Thomas Kidd, Casper, for appellee-employer, and A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Terry J. Harris, Asst. Atty. Gen., and Michael A. Blonigen, Asst. Atty. Gen., for appellee-objector; oral argument by Kidd & Blonigen.

Before THOMAS,[*] C.J., and ROSE, ROONEY,[**] BROWN and CARDINE, JJ.

CARDINE, Justice.

This appeal is from the denial of a permanent partial disability award under the Wyoming Worker's Compensation Act. We reverse and remand.

Appellant suffered a compensable injury while working for Bear Creek Uranium Company and was awarded temporary total disability. Subsequently appellant applied for a seventy-five percent permanent partial disability based on loss of earnings as evidenced by income tax returns filed both before and after the injury. The depositions of two doctors were introduced by stipulation of the parties. Dr. Beehler, a neurosurgeon, testified by deposition to a disability of five to ten percent based on subjective symptoms. Dr. Ropp, an orthopedic surgeon, testified by deposition that appellant had a ten percent permanent impairment of the body as a whole. The district court denied appellant's claim of permanent partial disability.

Appellant raises the following issues: "1. Whether Employee-Claimant is entitled to seventy-five percent (75%) permanent partial disability or some part thereof as a result of a loss of income attributable solely to his injury under § 27–12–403(h), W.S.1977.

"2. Whether Employee-Claimant is entitled to ten percent (10%) permanent partial disability based upon the impairment to which all medical personnel have testified pursuant to § 27–12–403(a), W.S. 1977."

Section 27–12–403, W.S.1977, states in pertinent part:

"(a) Permanent partial disability means the loss or permanent impairment of a limb or sense, or any other injury known to surgery or medicine to constitute permanent impairment of a bodily function.

\* \* \* \* \* \*

"(h) For any other injury known to surgery or medicine to constitute permanent partial disability, the employee shall receive compensation in the amount proportional to the extent of permanent partial disability based as near as may be upon the foregoing schedule. One (1) factor to be considered is the ability of the employee to continue to perform work for which he was reasonably suited by experience or training prior to the injury."

In worker's compensation law, disability means an impairment of earning capacity. *Northwest Carriers, Inc. v. Industrial Comm'n of Utah Second Injury Fund*, Utah, 639 P.2d 138 (1981). We have previously held that some medical statement of total disability or a percentage of partial disability is necessary. *Conn v. Ed Wederski Const. Co.*, Wyo., 668 P.2d 649 (1983); *Cardin v. Morrison-Knudsen*, Wyo., 603 P.2d 862 (1979). However, the court is not bound by medical testimony; non-medical witnesses and evidence are competent to

---

* Became Chief Justice January 1, 1985.

** Chief Justice at time of oral argument.

prove disability. *State, ex rel. Wyoming Worker's Comp. Div. v. Colvin*, Wyo., 681 P.2d 269 (1984). Medical testimony alone does not necessarily determine the type of award which should be given. *Employers Mutual of Wausau v. Eidson*, Colo.App., 646 P.2d 959 (1982).

"The concept of disability compensation rests on the premise that the primary consideration is not medical impairment as such, but rather loss of earning capacity related to that impairment. An award for compensation must be supported by a finding that the claimant suffered a compensable disability or, more precisely, a decrease in earning capacity to a work-connected injury or illness. Factors to be considered in making this finding include not only the extent of the injury, but also age, education, employment available in the area for persons with the capabilities in question, and intentions as to employment in the future." (Footnote omitted.) *Vetter v. Alaska Workmen's Compensation Board*, Alaska, 524 P.2d 264, 266 (1974).

Generally the loss of earning power of the worker is the theoretical basis for allowance of compensation. *Daugherty v. National Gypsum Co.*, 182 Kan. 197, 318 P.2d 1012 (1957). The evidence of wages earned by the employee is material to the question of the employee's earning capacity and entitled to whatever weight the fact finder gives to it. *Peloso, Inc. v. Peloso*, 103 R.I. 294, 237 A.2d 320 (1968).

"A workman's post-injury earnings is evidence which, depending upon the circumstances of an individual case, may be of great, little, or no importance in determining loss of earning capacity." *Ford v. State Accident Ins. Fund*, 7 Or.App. 549, 492 P.2d 491, 493 (1972). See also, *Matter of Compensation of Jacobs*, 59 Or.App. 1, 650 P.2d 154 (1982).

However,

"[w]hile the wages or earnings of a workman may be evidence, varying in its probative value according to the circumstances, of his earning power or capacity, it is obvious that the extent, if any, to which the workman's earning capacity is affected by the injury complained of is not necessarily measured by the difference between his earnings before and after the injury, since the amount of his actual earnings may be affected by various extraneous matters. Ordinarily, any loss of earnings which is not attributable to the injury, as, for example, loss due to the workman's fault subsequent to the accident, or to his illness not connected with the accident, or to a general business depression, is not to be considered in determining the amount of compensation. Loss of earnings due to inability to obtain work is to be considered in determining the amount of compensation insofar, but only insofar, as such inability is attributable to the injury." (Footnotes omitted.) 82 Am.Jur.2d Workmen's Compensation § 347, p. 145.

If jobs are unavailable because of economic conditions and the worker would not be hired regardless of his physical condition, then he has suffered no economic loss because of his industrial injury. *Wiedmaier v. Industrial Comm'n*, 121 Ariz. 127, 589 P.2d 1 (1978).

The claimant in the worker's compensation case has the burden of establishing every essential element of his claim by a preponderance of the evidence. *Alco of Wyoming v. Baker*, Wyo., 651 P.2d 266 (1982). The claimant must show the extent of his injury, the disability, or loss of earning power. *Jennings v. CM&W Drilling Co.*, 77 Wyo. 69, 307 P.2d 122 (1957). He must show that he is entitled to the award sought. *Matter of Hasser*, Wyo., 647 P.2d 66 (1982).

In the present case, the judge stated in his order that:

"I am not aware of any section of the Worker's Compensation Statutes which would allow me to determine a percentage of disability because an injured worker has suffered a decrease in his income. *Of course, any reduced income can be occasioned for many reasons, especially in these economic times.*

"However, this is all beside the point. The Worker's Compensation law provides for disability to be determined by a Doctor's determination of the percentage of disability. Perhaps you should have Mr. McCarty reexamined by his doctor or request the appointment of another physician. On the basis of your petition I will not set another hearing." (Emphasis added.)

Factors other than medical evidence may be considered in determining the amount of the award. *State, ex rel. Wyoming Worker's Comp. Div. v. Colvin,* supra. Loss of income can be considered in appropriate cases. It seems that the judge was not persuaded that the seventy-five percent reduction in income as evidenced by income tax returns was sufficient evidence in itself to prove that the loss of appellant's income was directly caused by appellant's injury. Loss of income does not per se equal compensable disability. To the extent that the order reflects a viewpoint that disability can only be determined by a doctor's determination of the percentage of disability, it is incorrect. Non-medical relevant factors can and should be considered.

 It is obvious that in denying the application for seventy-five percent permanent partial disability, the trial court simply overlooked the five to ten percent impairment testified to by the two doctors. This evidence was undisputed. An application for an award of any percentage of compensation includes an application for any lesser amount that the court may deem appropriate. A claimant is not bound by the amount asked for. It is not an all-or-nothing proposition. The court can award any lesser amount established by the evidence. Although we have not specifically said this, it is the clear import of our previous holdings. See, *State, ex rel. Wyoming Worker's Comp. Div. v. Colvin,* supra; *Fox v. Hubbard Drilling Co.,* Wyo., 401 P.2d 706 (1965). Therefore, this case is remanded to district court for further consideration of the amount that should be awarded the worker for permanent partial disability based upon the record made and the evidence before the court all consistent with this opinion.

Reversed and remanded.

ROONEY, Justice, dissenting.

### I.

I believe it not only to be extremely speculative and unreliable to gauge the extent of permanent partial disability *only* on evidence of reduced earnings, but it is also not statutorily authorized.

In worker's compensation cases, judicial decisions from other states are of little or no help in Wyoming cases inasmuch as our worker's compensation law is not duplicated in other states. Our law designedly restricts consideration to the effect an injury has on the ability to work, not the ability to earn money.

> " * * * One (1) factor to be considered is the ability of the employee *to continue to perform work* for which he was reasonably suited by experience or training prior to the injury." (Emphasis added.) Section 27–12–403(h), W.S.1977.

The trial judge was definitely correct in stating in his order that:

> "I am not aware of any section of the Worker's Compensation Statutes which would allow me to determine a percentage of disability because an injured worker has suffered a decrease in his income. * * *"

In *State ex rel. Wyoming Worker's Compensation Division v. Colvin,* Wyo., 681 P.2d 269 (1984), we noted the propriety of evidence relating to the decreased ability of the claimant to perform work for which he was reasonably suited before the injury, but we carefully refrained from gauging the disability by comparable earnings. Now, in this case, we are opening the door into an uncontrollable evidentiary area of speculation deliberately avoided by the legislature.

### II.

I have no strong objection to a remand of the case for the purpose of taking correct

medical evidence as to a percentage of permanent partial disability, but I do not think a proper showing has been made to us for such action.

Appellant's pleadings in this case (the claim) made no mention of an issue based on medical evidence. The claim simply asserted a 25% permanent partial disability "as shown by earning losses." Now, on appeal, for the first time appellant asks for consideration of 2½-year-old depositions of medical doctors assigning a 5% to 10% and a 10% permanent disability. The adverse parties had no notice of this contention and no opportunity to update or otherwise verify or contest the assertion. We do not normally give relief under such circumstances. *Valentine v. Ormsbee Exploration Corporation*, Wyo., 665 P.2d 452 (1983); *ABC Builders, Inc. v. Phillips*, Wyo., 632 P.2d 925 (1981); *Harris v. Grizzle*, Wyo., 599 P.2d 580 (1979); *Scherling v. Kilgore*, Wyo., 599 P.2d 1352 (1979); *Kearney Lake, Land & Reservoir Company v. Lake DeSmet Reservoir Company*, Wyo., 475 P.2d 548 (1970); *Watts v. Holmes*, Wyo., 386 P.2d 718 (1963).

Appellant ought not be allowed to inject a new theory and issue for the first time on appeal. Again, a precedent with far-reaching results is being established by the majority opinion.

### III.

I am unwilling to overrule our previous positions in both of these respects, and I would affirm the trial court.