Argued and submitted September 18, 1989, reversed and remanded for reconsideration March 21, 1990

In the Matter of the Compensation of
Jennifer Matthies, Claimant.

MATTHIES,
*Petitioner,*

*v.*

TILLAMOOK COUNTY
CREAMERY ASSOCIATION et al,
*Respondents.*

(87-11794; CA A50834)

788 P2d 1032

Dennis O'Malley, Portland, argued the cause and filed the brief for petitioner.

Jas. Adams, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

## NEWMAN, J.

A determination order awarded claimant five percent unscheduled permanent partial disability. The referee increased that award to 15 percent. Claimant seeks review of a Board order adopting and affirming the referee's order. We interpret claimant's assignment of error to be that the Board and the referee erred in not giving a reasoned explanation of why the award was increased to only 15 percent.

The Board adopted the findings, reasoning and conclusions of the referee. Claimant is 38 years old and has a high school education. She worked full time in employer's cheese factory as a production worker from 1978 until 1986, when she injured her shoulder at work while pulling a pallet of cheese. She suffered a left trapezius muscle strain with a probable muscle tear. At the time of her injury, her basic hourly wage was $9.37. The injury forced her to stop work at the factory, and she received vocational training as a general office clerk. She obtained a secretarial position, where she worked 36 hours per week at an hourly rate of $5.31, but she anticipated that her hours would be reduced to 26 hours per week after January 1, 1988.

On May 7, 1987, a determination order awarded claimant 5 percent unscheduled permanent partial disability. The referee increased the award to 15 percent. He stated in his opinion and order:

"To prevail on the issue of permanent unscheduled disability a worker must demonstrate, by a preponderance of the evidence, that as a result of his or her industrial injury or disease he or she has sustained a permanent loss of earning capacity. 'Earning capacity' is defined as a worker's 'ability to obtain and hold gainful employment in the broad field of general occupations' and considers the degree of physical impairment as well as 'age, education, training, skills and work experience.' ORS 656.214(5); *Suratt v. Gunderson Bros.*, 259 Or 65, 76-78 [, 485 P2d 410] (1971); and *Jacobs v. Louisiana Pacific*, 59 Or App 1, 3 [, 650 P2d 154] (1982). Though most of us tend to speak in terms of percentages, by statute losses of earning capacity are calculated in 'degrees.' The maximum award allowed in cases such as this is 320 degrees, and workers with less than a 100 percent loss of earning capacity are compensated proportionally. ORS 656.214(5).

"Claimant's testimony, which I find completely credible

and note was corroborated to a large degree by that of her husband, suggests that *she suffers from a rather significant permanent impairment.* This conclusion is substantiated by the facts that she attempted to return to work at the cheese factory but was unable to perform the demands of that job, even on a part-time basis. Moreover, Dr. Munly, claimant's longtime treating physician, has opined that claimant will never be able to return to the 'very strenuous' work at the cheese factory, even with the improvement he anticipates she will experience in the future. Furthermore, Dr. Munly has indicated that claimant cannot even perform the job of a fulltime file clerk because the physical demands of that job worsen the symptons of her trapezius injury. * * * Considering all the evidence, I conclude that claimant has a permanent physical impairment on the upper end of minimal or lower end of mild.

"Claimant's age and education have no significant impact on her loss of earning capacity. *However, the fact that she is now precluded from any form of strenuous labor, and even has difficulty performing the sedentary demands of a bookkeeping position, has very real and hardly insubstantial impact on her loss of earning capacity.* Given this consideration and the degree of her permanent injury-related impairment, I conclude that the Determination Order did not adequately compensate her." (Emphasis supplied).

Claimant asserts that the Board's conclusion that she is entitled to an award of only 15 percent unscheduled permanent partial disability does not rationally follow from the findings. She argues that she should receive an award of at least 50 percent permanent partial disability. *See former* ORS 656.214(5). The Board found that claimant suffers "a rather significant impairment" and that her inability to perform strenuous labor or even to meet the demands of full time sedentary office work has a "very real and hardly insubstantial impact on her loss of earning capacity." It also found that her post-injury earnings were significantly less than her pre-injury earnings. The Board must give a reasoned explanation of why the facts that it found lead to its conclusion that claimant is entitled to a 15 percent permanent partial disability award. *Armstrong v. Asten-Hill Co.,* 90 Or App 200, 206, 752 P2d 312 (1988). It failed to do so.

Reversed and remanded for reconsideration.