Argued and submitted May 17, reversed and remanded for reconsideration
November 13, 1991

In the Matter of the Compensation of
Debbie L. Brown, Claimant.

Debbie L. BROWN,
*Petitioner,*

*v.*

GOLD BEACH DAIRY QUEEN
and SAIF Corporation,
*Respondents.*

(WCB No. 88-19187; CA A65857)

820 P2d 830

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief were Jon C. Correll and Malagon, Moore & Johnson, Eugene.

Thomas E. Ewing, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Richardson* and Deits, Judges.

---

* Richardson, J., *vice* Newman, J., deceased.

JOSEPH, C. J.

## JOSEPH, C. J.

Claimant seeks review of an order of the Workers' Compensation Board denying her request for an increase in benefits over a previous award that was based on 30 percent scheduled disability for an injury to her left knee. She based her request on increased pain. The referee found that, at her last medical examination, claimant had a full range of motion with "mild patellofemoral crepitus on longitudinal motion of the patella in the femoral groove at about 30 degrees of flexion"; that she had failed to return to her doctor for a recheck after her last treatment; and that she had not been taking any medication for pain. He reasoned that the evidence, as a whole, did not establish entitlement to an increase under the applicable standards. He also explained that claimant's testimony that her knee was bothering her more than it had earlier did not provide a basis for quantifying her increased pain and that she had, therefore, not shown clear and convincing evidence of entitlement to an award outside the applicable standards.

The Board adopted the referee's findings and also found that "[f]lexion in claimant's knee was to 143 degrees" and "[c]laimant suffers disabling pain due to her compensable knee injury." It calculated claimant's current disability, concluding that she is entitled to an award of 1.7 percent under the standards, because she has 143 degrees of retained flexion. Its discussion of her disability for pain reads, in its entirety:

> "Additionally, we conclude that claimant is entitled to an award of 10 percent disability for disabling pain. *See Daniel Alire,* 41 Van Natta 752 (1989)."

It then combined the 1.7 percent with the 10 percent and concluded that she had not met her burden to show by clear and convincing evidence that she has lost more than the 30 percent use and function of her left knee recognized in the original award. It affirmed the determination order.

Claimant argues that the Board erred in that it did not provide an ordered set of findings and a reasoned explanation of why her disabling pain causes only a 10 percent loss of

use and function. *See Matthies v. Tillamook County Creamery Assoc.,* 101 Or App 44, 47, 788 P2d 1032 (1990). SAIF concedes that that was error.

In *Daniel Alire, supra,* the claimant established that pain limited his ability to lift, work while on his knees, sit and stand, which in turn limited his ability to perform his usual work. The Board concluded that his inability to perform such tasks constituted an impairment of 10 percent. 41 Van Natta 752. We find nothing in that case, or any other, that would justify the Board's failure to explain why claimant's pain causes only a 10 percent disability.

Reversed and remanded for reconsideration.