2003 WY 105

In the Matter of the Worker's Compensation Claim of Raymond E. WILSON, an Employee of Rocky Mountain Forest Products.

Raymond E. Wilson, Appellant (Claimant),

v.

State of Wyoming ex rel. Wyoming Workers' Safety and Compensation Division, Appellee (Respondent).

No. 02–230.

Supreme Court of Wyoming.

Aug. 29, 2003.

---

Representing Appellant: Michael H. Schilling of Schilling & Winn, P.C., Laramie, Wyoming.

Representing Appellee: Hoke MacMillan, Attorney General; John W. Renneisen, Deputy Attorney General; Steve Czoschke, Senior Assistant Attorney General; and David L. Delicath, Assistant Attorney General.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

KITE, Justice.

[¶ 1] Raymond E. Wilson appeals from the district court's order reversing the hearing examiner's award of temporary total disability (TTD) benefits based upon his actual monthly earnings at the time he was injured. The district court concluded Mr. Wilson's earnings should have been calculated by averaging his monthly income from the beginning of 2000 through the date he was injured in April 2001. We hold the hearing examiner's calculation was correct and reverse the district court's ruling.

## ISSUES

[¶ 2] The question for our determination is whether Mr. Wilson had "actual monthly earnings at the time of injury" within the meaning of Wyo. Stat. Ann. § 27–14–403(c) (LexisNexis 2003).

## FACTS

[¶ 3] Mr. Wilson began working for Rocky Mountain Forest Products (RMFP) on April 3, 2001. Six days later, on April 9, 2001, he was lifting a bundle of wood at work and injured his back. Mr. Wilson completed his shift, but, when the pain did not subside that evening, his wife took him to the emergency room. The attending physician examined him, prescribed medication, and told him not to return to work until a doctor released him. Mr. Wilson later saw Lawrence A. Jenkins, M.D., who determined he had a large left paracentral disc herniation at L5–S1 and was temporarily totally disabled. In November 2001, Dr. Jenkins performed a left L5 laminotomy and discectomy on Mr. Wilson's back.

[¶ 4] Following his injury, Mr. Wilson filed an employee's report of injury with the Wyoming Workers' Safety & Compensation Division (division) and applied for TTD benefits. On October 31, 2001, the division awarded him $200.32 per month in benefits based upon average actual monthly earnings of $300.47. Mr. Wilson objected to the award, claiming the division did not correctly calculate his benefits. The Office of Administrative Hearings held a hearing on January 29, 2002, where Mr. Wilson presented evidence showing RMFP hired him to work forty hours per week at $6.75 per hour resulting in actual monthly earnings of $1,170. Therefore, he argued, pursuant to § 27–14–403(c), he was entitled to TTD benefits in the amount of $780.03 per month. The division argued Mr. Wilson did not have an established full-time work history at the time he was injured and, in accordance with *Goe v. State ex rel. Wyoming Worker's Compensation Division*, 2002 WY 6, 38 P.3d 1063 (Wyo.2002), an average of his earnings should be used in calculating his TTD benefits. The division pointed to evidence that Mr. Wilson held numerous jobs prior to working for RMFP jobs which in some cases lasted just a few days and had worked at RMFP for only five days when he was injured. Given this history, the division argued averaging his earnings up to and including the date of the injury constituted a fairer method of determining his actual monthly earnings under § 27–14–403(c).

[¶ 5] On February 25, 2002, the hearing examiner awarded Mr. Wilson TTD benefits based upon his actual monthly earnings of $1,170 at the time of his injury. The division filed a petition for review of the order in district court. Upon reviewing the record

and the parties' briefs, the district court found Mr. Wilson's earnings were sporadic and fluctuating, warranting calculation of TTD benefits on the basis of his average earnings up to the time of his injury rather than his actual earnings at the time of his injury. The district court issued a decision letter stating:

> Because of the extreme variance in jobs and pay [Mr. Wilson] held in the 2.5 years prior, the Court finds an appropriate and reasonable period of time to use in determining [his] average monthly income should run from the beginning of 2000 through those days in April 2001 reflected on [his] time sheet with RMFP prior to the injury. Considering the age of [Mr. Wilson] and the various types of jobs he held, such a time span seems reasonable for the purpose of approximating an accurate reflection of [his] average monthly income. The Court will order, therefore, that [Mr. Wilson's] actual monthly income be computed as an average over this period of time and that the TTD benefits be paid in accordance with *Wyo. Stat. Ann.* § 27–14–403(c).

The district court entered an order consistent with the decision letter on September 26, 2002.

## STANDARD OF REVIEW

■■■ [¶ 6] To resolve the question before us, we must interpret the statutory provisions governing the calculation of TTD benefits. Statutory interpretation is a question of law. *Goe*, 2002 WY 6, ¶ 6, 38 P.3d 1063. We are governed by the following standards:

> We decide initially whether the statute is clear or ambiguous. This Court makes that determination as a matter of law. If we determine that a statute is clear and unambiguous, we give effect to the plain language of the statute. In effectuating the plain language of the statute,
>
> > [w]e begin by making an "'inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection.'" *Parker Land and Cattle Company v. Wyoming Game and Fish Commission*, 845 P.2d 1040, 1042 (Wyo.1993) (quoting

*Rasmussen v. Baker*, 7 Wyo. 117, 133, 50 P. 819, 823 (1897)). We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute *in pari materia*.

> *State Department of Revenue and Taxation v. Pacificorp*, 872 P.2d 1163, 1166 (Wyo.1994). If, on the other hand, we determine that the statute is ambiguous, we resort to general principles of statutory construction to determine the legislature's intent.

*Wyoming Department of Transportation v. Haglund*, 982 P.2d 699, 701 (Wyo.1999) (some citations omitted); *see also Brierley v. State ex rel. Wyoming Workers' Safety and Compensation Division*, 2002 WY 121, ¶ 10, 52 P.3d 564, ¶ 10 (Wyo.2002). We affirm agency decisions when they are in accordance with the law and correct those that are contrary to the law. *Powder River Coal Company v. Wyoming State Board of Equalization*, 2002 WY 5, ¶ 6, 38 P.3d 423, ¶ 6 (Wyo.2002). When considering an appeal from a district court's review of an agency's action, we accord no special deference to the district court's conclusions. *Newman v. State ex rel. Wyoming Workers' Safety and Compensation Division*, 2002 WY 91, ¶ 7, 49 P.3d 163, ¶ 7 (Wyo.2002). Instead, we review the case as if it had come directly to us from the administrative agency. *Id.* When an appeal is from a contested case proceeding under the Wyoming Administrative Procedure Act in which both parties presented evidence and factual findings were made, we review the findings for substantial evidence. *Id.* at ¶ 22, 49 P.3d 163. Substantial evidence is relevant evidence that a reasonable mind might accept in support of the agency's conclusions. *Voss v. Albany County Commissioners*, 2003 WY 94, ¶ 10, 74 P.3d 714.

## DISCUSSION

■■■ [¶ 7] The calculation of TTD benefits is governed by § 27–14–403(c), which provides in pertinent part:

> For temporary total disability under paragraph (a)(i) of this section, the award shall be paid monthly at the rate of two-thirds (2/3) of the injured employee's **actual**

*monthly earnings at the time of injury* but not to exceed the statewide average monthly wage for the twelve (12) month period immediately preceding the quarterly period in which the injury occurred as determined pursuant to W.S. 27–14–802. (Emphasis added.) The term "actual monthly earnings" is defined in Wyo. Stat. Ann. § 27–14–403(j)(i) (LexisNexis 2003) as "the injured employee's *actual monthly earnings at the time of injury* excluding any payment for casual or unscheduled overtime and any fringe benefit." (Emphasis added.) The rules and regulations governing worker's compensation claims provide the following procedure for determining TTD benefits:

(A) Temporary wage rate is computed as follows:

(I) Hourly rate multiplied by the total number of hours worked within the employer's established work week = weekly rate.

(II) Weekly rate multiplied by fifty-two (52) and divided by twelve (12) = monthly rate.

(III) Monthly rate multiplied by .6667 = temporary total disability wage rate (not to exceed the maximum wage established by the division for the quarter of injury). W.S. § 27–14–802(b).

(B) Overtime will be considered if verification is received from the employer.

(C) In the case where the worker was paid by other than hourly[,] weekly or monthly rate of pay, verification of average monthly wage must be obtained by the worker from the employer. The worker must be able to provide copies of at least three (3) months of wage history with the current employer. If three (3) months of information is not available from the worker, verification of average monthly wage must be obtained from the employer.

Wyoming Workers' Compensation Rules, Regulations and Fee Schedules, ch. 6, § 2(a)(i) (Sept. 10, 1999) (amended Nov. 20, 2001).

[¶ 8] Giving effect to the plain and ordinary meaning of the words contained in these provisions, we hold that Mr. Wilson's TTD benefits were to be calculated on the basis of his actual monthly earnings at the time of his injury. It is undisputed that, at the time of his injury, Mr. Wilson was earning $6.75 per hour and was hired to work forty hours per week, resulting in actual earnings of $1,170 per month as the hearing examiner concluded. The division argues, however, and the district court held that Mr. Wilson's benefits could not be calculated based upon "actual monthly earnings" because his earnings were sporadic and fluctuating. Relying on *Goe,* 2002 WY 6, 38 P.3d 1063, the division contends the district court properly concluded Mr. Wilson's work history did not support a calculation based upon the $6.75 wage at forty hours per week and averaging his earnings over some period of time prior and up to his injury more accurately reflected his actual earnings.

[¶ 9] In *Goe,* a horse kicked and injured Mr. Goe while he was working as a hunting guide for an outfitter. The evidence showed that the wages paid by the employer fluctuated widely from pay period to pay period Mr. Goe earned $560.75 in July, $1,000 in August, and $1,500 in September. 2002 WY 6, ¶ 14, 38 P.3d 1063. Mr. Goe argued his actual monthly earnings for the purpose of computing TTD benefits were $1600, the amount he and his employer agreed he would have earned in October had he not been injured and been able to finish out the month. *Id.* We held: "[T]he hearing examiner's decision to average Goe's income to determine the appropriate amount of TTD benefits was appropriate because Goe did not meet his burden to prove his actual monthly earnings were $1,600.00 per month." *Id.* at ¶ 13, 38 P.3d 1063.

[¶ 10] In reaching this result, we cited *Hasser v. Flint Engineering,* 647 P.2d 66 (Wyo.1982), another case in which the employee's hours and rate of pay fluctuated, and we upheld a TTD award based upon an average of his wages rather than his actual pay the week of the injury. We said:

[T]hose administering the Worker's Compensation Act have devised a method of computing an hourly wage earner's monthly rate. They multiply the hourly rate by the hours worked in a week, times the fifty-two weeks in the year, and divide by

twelve months. This formula seems to work reasonably well and does result in a figure which approximates a monthly rate of pay. Accordingly we have no quarrel with its use so long as the resulting figure fairly represents the parties' understanding. *It cannot be applied with precision here because of the variable hours per week · put in by appellant under the terms of his employment.*

647 P.2d at 69 (emphasis added). In *Goe*, we rejected the employee's efforts to distinguish *Hasser*, concluding that, like the latter case, the evidence in *Goe* "demonstrated that [the employee's] earnings fluctuated widely from pay period to pay period." 2002 WY 6, ¶ 11, 38 P.3d 1063. We concluded the definition of "actual monthly earnings" was not applicable in *Goe* because the employee's earnings were "not consistent and fixed month after month." *Id.* Because the evidence showed Mr. Goe did not have actual monthly earnings as defined in § 27–14–403(j)(i), we applied Chapter 6, Section 2(a)(i)(C) of the division's rules which expressly references averaging monthly wages in cases where the worker is "paid by other than hourly, weekly or monthly rate of pay."

[¶ 11] Unlike the situations in *Hasser* and *Goe*, Mr. Wilson had actual monthly earnings at the time of his injury within the meaning of § 27–14–403(c). In contrast to *Goe*, Mr. Wilson's earnings at the time of his injury did not fluctuate widely from pay period to pay period but were consistent and fixed month after month at a specified hourly rate and number of hours per week. Unlike in *Hasser*, the formula prescribed in § 27–14–403(c) could be applied with precision to the terms of Mr. Wilson's employment because his hours were fixed rather than variable.

Given the terms of his employment with RMFP, Mr. Wilson was not "paid by other than hourly, weekly or monthly rate of pay," and, therefore, Chapter 6, Section 2(a)(i)(C) of the division's rules was not applicable. We hold that Mr. Wilson had "actual monthly earnings at the time of injury" as provided in § 27–14–403(c) and the hearing examiner properly calculated his benefits by applying the formula set out in Chapter 6, Section 2(a)(i)(A) of the division's rules.

[¶ 12] In reaching this result, we note that the district court's ruling appears to have been based on what seemed fair and reasonable under the circumstances rather than the governing statutes and rules. While the evidence undoubtedly raised questions about Mr. Wilson's work history and the longevity of his employment with RMFP, the answers to such questions are speculative and irrelevant to the statutory framework of the worker's compensation law, which focuses on the circumstances at the time of the injury. Section 27–14–403(c) unequivocally requires that TTD benefits are to be based upon an employee's actual earnings at the time of injury, and we are not free to reach a different result simply because the employee only recently began working at a higher wage than he earned in the past.

[¶ 13] We reverse the district court's order, thereby affirming the hearing examiner's award.