2004 WY 32

**Karin YOAK, Appellant (Plaintiff),**

v.

**David IDE; and The City of Green River, Appellees (Defendants).**

**David Ide, Appellant (Defendant),**

v.

**Karin Yoak, Appellee (Plaintiff).**

Nos. 03–57, 03–68.

Supreme Court of Wyoming.

March 25, 2004.

Representing Karin Yoak: John P. LaBuda of Palmer & LaBuda, P.C., Rock Springs, Wyoming.

Representing City of Green River: Richard Rideout of the Law Offices of Richard Rideout, P.C., Cheyenne, Wyoming.

Representing David Ide: Patrick J. Crank, Attorney General; John W. Renneisen, Deputy Attorney General; and John D. Rossetti, Senior Assistant Attorney General, Cheyenne, Wyoming.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

VOIGT, Justice.

[¶ 1] The primary issue in these combined appeals is the validity of a governmental claim. We affirm the district court's order granting summary judgment to the appellees and dismissing the appellant's complaint, and we find the appellees' collateral estoppel and res judicata issues to be moot.[1]

## ISSUES

1. Did the appellant's Notice of Claim meet the constitutional requirements for a valid governmental claim?

2. Is the appellant's Notice of Claim saved by the doctrine of substantial compliance?

3. Does an invalid Notice of Claim deprive the district court of subject matter jurisdiction?

4. Under the doctrines of res judicata and collateral estoppel, did the district court err when it denied the appellees' motion for summary judgment?

## FACTS

[¶ 2] On November 27, 1999, the appellant was a passenger in a vehicle being driven by her husband. During a traffic stop initiated by a Wyoming Highway Patrol Trooper, the appellant was physically restrained by David Ide, a Green River police officer, who had responded to the scene in a back-up capacity. On January 6, 2000, the appellant filed with the City of Green River a Notice of Claim asserting negligence on Ide's part during the November 27, 1999, incident. The Notice of Claim was not signed by the appellant, but by her attorney, and it was not certified to under penalty of perjury. On June 9, 2000, the appellant filed suit in federal district court against the appellees and the city police chief alleging both federal and state law claims, including negligence. The federal district court later granted the appellees' motion for summary judgment on the federal claims, finding that Ide's conduct during the incident was "objectively reasonable." The pendent state law claims were dismissed without prejudice.

[¶ 3] On July 25, 2001, the appellant filed a second Notice of Claim with the city. This second notice, like the first, was signed by the appellant's attorney, rather than by the appellant, and likewise, it was not certified to under penalty of perjury. On August 29, 2001, the appellant filed a complaint in state district court, reasserting her negligence cause of action against the appellees. Attached to and referenced in the complaint was a copy of the July 25, 2001, Notice of Claim.

[¶ 4] In their separate answers, the appellees raised as an affirmative defense the legal insufficiency of the Notice of Claim. Prior to any discovery, both appellees filed motions for summary judgment and the City of Green River also filed a motion to dismiss. After a hearing, the district court denied the motions for summary judgment on the ground that the federal court had not determined the state law negligence claim. However, the district court granted the motion to dismiss, as to both appellees, on the ground

1. For simplicity's sake, the plaintiff, Karin Yoak, will be referred to throughout this opinion as the appellant, and the defendants, David Ide and the City of Green River, will be referred to as the appellees.

that the Notice of Claim was not certified to under penalty of perjury. The district court did find that the signature of a governmental claimant's attorney, as opposed to the signature of the claimant, herself, was sufficient.

## DISCUSSION

### MOTION TO DISMISS

[¶ 5] The motion to dismiss stated that it was presented "pursuant to Rule 12 of the Wyoming Rules of Civil Procedure," without identifying a particular subsection of that rule or underlying legal theory. Reference in the motion to the district court's lack of jurisdiction might suggest a W.R.C.P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, but that reference was supported by citation to *Allen v. Lucero*, 925 P.2d 228, 230 (Wyo.1996), where an order granting a motion for summary judgment under W.R.C.P. 56 was affirmed.[2] Interestingly, the three cases cited in the City of Green River's appellate brief as supporting a standard of review whereby this Court is to "focus on the pleading to determine if it states a claim upon which relief can be granted" are all W.R.C.P. 12(b)(6) cases. *See Garnett v. Brock*, 2 P.3d 558, 562 (Wyo.2000); *Duncan v. Afton, Inc.*, 991 P.2d 739, 741–42 (Wyo.1999); and *Amrein v. Wyoming Livestock Bd.*, 851 P.2d 769, 769–70 (Wyo.1993). In its decision letter, the district court raised yet a third subsection of W.R.C.P. 12, treating the motion as if it were a motion for judgment on the pleadings under subsection (c). The district court then relied upon *Darrar v. Bourke*, 910 P.2d 572, 575 (Wyo.1996), for the proposition that such motions should only be granted where it is shown on the face of the complaint that the plaintiff is not entitled to relief under any set of facts.

[¶ 6] We find that this imprecision is not material in the instant case, inasmuch as dismissal would have been appropriate under any of the referenced sections of W.R.C.P. 12. The district court granted the motion to dismiss on the single ground that the appellant's Notice of Claim was not certified to under penalty of perjury. We affirm that decision for the reasons set forth in *Beaulieu v. Florquist*, 2001 WY 33, 20 P.3d 521 (Wyo. 2001) (*Beaulieu I*) and in *Beaulieu v. Florquist*, 2004 WY 31, 86 P.3d 863 (Wyo.2004) (No. 02–276, published 3/25/04) (*Beaulieu II*). We clearly held in those cases that a notice of claim filed pursuant to the Wyoming Governmental Claims Act must meet the requirements of Wyo. Const. art. 16, § 7—specifically, signature by the claimant certified to under penalty of perjury.[3] The district court's holding that such claims may be signed by the claimant's attorney was in error, but that error does not affect the affirmance on the separate issue of the signature being certified to under penalty of perjury.

### SUBSTANTIAL COMPLIANCE

[¶ 7] The appellant contends that, should this Court find her Notice of Claim to be technically insufficient, we should apply the doctrine of substantial compliance and reverse the district court's dismissal order. We begin discussion of this issue by pointing out that the district court did not directly address substantial compliance, but that the effect of its decision is a holding that a governmental claim cannot comply with the requirements of Wyo. Const. art. 16, § 7 unless it is certified to under penalty of perjury. In other words, non-compliance is not substantial compliance. We agree. We recently stated in *Beaulieu II*, 2004 WY 31, ¶ 25, 86 P.3d at 871, "[w]hether viewed under a strict compliance standard or a substantial compliance standard, the fact remains that the primary purpose for the constitutional requirements—to make sure that governmental claims be

2. Although denominated a summary judgment, the order in *Allen* was, in effect, an order of dismissal based on a lack of jurisdiction. *Allen*, 925 P.2d at 230–31.

3. Wyo. Const. art. 16, § 7 states:
No money shall be paid out of the state treasury except upon appropriation by law and on warrant drawn by the proper officer, and

no bills, claims, accounts or demands against the state, or any county or political subdivision, shall be audited, allowed or paid until a full itemized statement in writing, certified to under penalty of perjury, shall be filed with the officer or officers whose duty it may be to audit the same.

sworn to by the claimant—simply cannot be accomplished through an attorney's signature." The same is true of the requirement that the claim be certified to under penalty of perjury. One does not substantially comply with a certification requirement by failing to certify or to do anything resembling a certification.

### Subject Matter Jurisdiction

[¶ 8] We have affirmed dismissal of the appellant's complaint because her underlying governmental claim did not meet the constitutional signature and certification requirements. Consequently, we need not address her additional argument that the failure to allege in her complaint compliance with the constitution did not deprive the district court of subject matter jurisdiction. We note, however, that in *Beaulieu II,* 2004 WY 31, ¶ 15, 86 P.3d at 868–869, we held that such failure in future complaints will, indeed, have that effect.

### Res Judicata and Collateral Estoppel

[¶ 9] The appellees contend that the federal district court's dismissal of the appellant's federal law claims should bar litigation in state court of the appellant's state law claims. This issue is moot, given affirmance of the state court dismissal on the grounds set forth above.

### *CONCLUSION*

[¶ 10] The appellant's Notice of Claim did not meet the constitutional requirements for a valid claim under the Wyoming Governmental Claims Act because it was not signed by the claimant and it was not certified to under penalty of perjury. We affirm dismissal of the appellant's complaint.