2004 WY 114

Albert J. BITKER, Appellant (Plaintiff),

v.

FIRST NATIONAL BANK IN EVANSTON a national banking corporation; Mike Seppala, President; Vernon L. Mohlis, Vice President; and Dennis R. Ottley, Appellees (Defendants).

No. 03–239.

Supreme Court of Wyoming.

Oct. 5, 2004.

Representing Appellant: Albert J. Bitker, pro se.

Representing Appellees: Gregory C. Dyekman of Dray, Thomson & Dyekman, P.C., Cheyenne, Wyoming and Ann L. Hoover of Topeka, Kansas.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

KITE, Justice.

[¶ 1]   In 1996, Albert Bitker purchased 3.4 acres of partially developed land in Evanston, Wyoming, from Dennis Ottley by paying him $3,500 in cash and executing a promissory note for $31,500 for the remainder of the purchase price.[1]   A mortgage on the land was also executed.   Mr. Ottley ultimately assigned the promissory note and mortgage to First National Bank in Evanston (First National Bank) as collateral for other debts. When Mr. Ottley defaulted on his loans, First National Bank foreclosed against both Mr. Ottley and Mr. Bitker.   Mr. Bitker filed suit against First National Bank alleging numerous claims.   The district court granted summary judgment in favor of First National Bank. We affirm.

## ISSUES

[¶ 2]   The sole issue presented for review in this matter is whether the district court correctly granted summary judgment to First National Bank.

## FACTS

[¶ 3]   In June 1996, Mr. Bitker executed a promissory note and mortgage agreeing to pay Mr. Ottley the sum of $31,500 for the purchase of land located in Evanston, Wyoming.   On January 23, 1997, Mr. Ottley assigned the promissory note and mortgage to First National Bank for the purpose of providing additional security and collateral for existing debts.   The promissory note did not include a non-assignment clause.

[¶ 4]   After Mr. Ottley defaulted on his debts and Mr. Bitker defaulted on the promissory note, First National Bank demanded payment of the note from Mr. Bitker.   When First National Bank did not receive payment from Mr. Bitker, it filed suit seeking to recover $31,500 plus interest on the promissory note.   The district court dismissed the lawsuit against Mr. Bitker on February 8, 2001, because Mr. Bitker had filed for bankruptcy in 1999.   On June 10, 2002, the bankruptcy court granted Mr. Bitker's motion to dismiss the bankruptcy.

[¶ 5]   Acting *pro se*, Mr. Bitker filed suit on January 30, 2002, against First National Bank, its president, Mike Seppala, and its vice president, Vernon Mohlis, as well as Mr. Ottley.[2]   Mr. Bitker's complaint alleged, *in-*

---

1.   The promissory note actually reflects that the amount owed was $31,000.   However, as indicated in the record, both parties seem to agree the amount was intended to be $31,500 instead.

2.   Mr. Mohlis was never served with the com-

*ter alia,* fraudulent foreclosure by First National Bank, fraudulent assignment by Mr. Ottley, and numerous other vague allegations. He sought $4 million in actual damages, without alleging how he was damaged, and $5 million in punitive damages. Mr. Ottley filed a motion to dismiss the claims against him, which the district court granted because Mr. Ottley had filed for bankruptcy and Mr. Bitker's complaint was subject to the stay created by the bankruptcy statutes.

[¶ 6] First National Bank filed a motion for summary judgment on February 19, 2003, stating there were no disputed issues of material fact in the case against it, and it was entitled to judgment as a matter of law. On February 24, 2003, Mr. Bitker filed his objection to that motion.

[¶ 7] The motion was decided on the briefs, and on July 28, 2003, the district court granted First National Bank's motion for summary judgment because Mr. Bitker had failed to plead his fraud claims with the requisite particularity. With respect to the fraudulent assignment claim, the court found that the promissory note did not contain a provision preventing assignment. As to the fraudulent foreclosure claim, the court concluded First National Bank met the requirements of Wyo. Stat. Ann. § 34–4–103 (LexisNexis 2003), which sets forth the prerequisites for foreclosure. Finally, the court found summary judgment was appropriate because Mr. Bitker presented "no cogent argument or legal authority" in support of his other claims. Mr. Bitker appeals from the order granting summary judgment.

## STANDARD OF REVIEW

[¶ 8] When we review summary judgment orders, we have the same duty, review the same materials, and follow the same standards as the district court. *Merrill v. Jansma,* 2004 WY 26, ¶ 6, 86 P.3d 270, ¶ 6 (Wyo.2004). To that end,

> [t]he propriety of granting a motion for summary judgment depends upon the correctness of a court's dual findings that there is no genuine issue as to any material fact and that the prevailing party is

plaint.

entitled to judgment as a matter of law. A genuine issue of material fact exists when a disputed fact, if proven, would have the effect of establishing or refuting an essential element of an asserted cause of action or defense.

*Id.* (citations omitted). We further stated:

> We view the record from the standpoint most favorable to the party opposing the motion, giving to that party all favorable inferences that fairly may be drawn from the record. *Id.* We will uphold summary judgment on the basis of any proper legal theory appearing in the record. *Id.* We review a grant of summary judgment deciding a question of law de novo and afford no deference to the district court's ruling. *Goglio v. Star Valley Ranch Association,* 2002 WY 94, ¶ 12, 48 P.3d 1072, ¶ 12 (Wyo. 2002).

*Id.,* ¶ 7.

[¶ 9] Actions sounding in fraud must be pled with particularity and proved by clear and convincing evidence. *Lee v. LPP Mortgage, Ltd.,* 2003 WY 92, ¶ 11, 74 P.3d 152, ¶ 11 (Wyo.2003).

## DISCUSSION

[¶ 10] The only question before this Court is whether summary judgment was appropriate. Among Mr. Bitker's many generalized complaints on appeal, he contends that the assignment of the note and mortgage was not recorded. He also complains about his attorney's conduct during failed settlement negotiations. Although his complaint was largely based on fraudulent misrepresentation and fraudulent assignment, Mr. Bitker argues neither on appeal. Nonetheless, because the district court granted summary judgment on Mr. Bitker's allegations of fraud, we will address them here.

[¶ 11] When determining if a genuine issue of material fact exists regarding a claim of fraud, a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability. *Lee,* ¶ 12. In ruling on a motion for summary judgment, "the judge must view the evidence presented

through the prism of the substantive evidentiary burden." *Id.* A demonstration of a genuine issue of material fact requires more than repeated assertions that a defendant is liable. *Radosevich v. Board of County Commissioners of the County of Sweetwater,* 776 P.2d 747, 750 (Wyo.1989).

[¶ 12] This is never truer than when fraud is alleged. Wyo. R. Civ. P. 9(b) states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fraud is established when a plaintiff demonstrates, by clear and convincing evidence that, (1) the defendant made a false representation intended to induce action by the plaintiff; (2) the plaintiff reasonably believed the representation to be true; and (3) the plaintiff relied on the false representation and suffered damages. *Sundown, Inc. v. Pearson Real Estate Co.,* 8 P.3d 324, 330 (Wyo.2000). Fraud will never be presumed. *Richardson v. Hardin,* 5 P.3d 793, 797 (Wyo. 2000). Assuming the pleadings alleged fraud with sufficient particularity, and the parties accused of fraud have presented facts in support of a motion for summary judgment that refute the allegations of fraud, the party relying upon the fraud claims then must demonstrate the existence of genuine issues of material fact by clear, unequivocal and convincing evidence. *Id.*

[¶ 13] Mr. Bitker's allegations of fraud were not pled with particularity. He made general allegations of fraudulent conduct, but did·not provide any facts. Furthermore, in response to First National Bank's motion for summary judgment, Mr. Bitker did not meet his burden of demonstrating genuine issues of material fact existed by "clear, unequivocal, and convincing evidence." Indeed, we find no facts in the record to support his position.

[¶ 14] Notwithstanding Mr. Bitker's allegation of "fraudulent foreclosure," his claim appears to be one for wrongful foreclosure. Section 34–4–103 sets forth the prerequisites of foreclosure as follows:

(a) To entitle any party to give a notice as hereinafter prescribed and to make such foreclosure, it is requisite:

(i) That some default in a condition of such mortgage has occurred by which the power to sell became operative;

(ii) That no suit or proceeding has been instituted at law to recover the debt then remaining secured by such mortgage, or any part thereof, or if any suit or proceeding has been instituted, that the same has been discontinued, or that an execution upon the judgment rendered therein has been returned unsatisfied in whole or in part; and

(iii) That the mortgage containing the power of sale has been duly recorded; and if it has been assigned, that all assignments have been recorded; and

(iv) That written notice of intent to foreclose the mortgage by advertisement and sale has been served upon the record owner, and the person in possession of the mortgaged premises if different than the record owner, by certified mail with return receipt, mailed to the last known address of the record owner and the person in possession at least ten (10) days before commencement of publication of notice of sale. Proof of compliance with this subsection shall be by affidavit.

The record shows Mr. Bitker did not make payments on the promissory note, thus satisfying § 34–4–103(a)(i).[3] No lawsuit or proceeding was instituted to recover the debt, as provided by § 34–4–103(a)(ii).[4] Although Mr. Bitker complains on appeal that the assignment of the mortgage was never recorded, he did not argue this to the district court, and marshaled no evidence to prove this allegation. Regardless, First National Bank wrote Mr. Bitker a letter on March 24, 1998, which constituted actual notice of the assign-

---

**3.** First National Bank asserts, and Mr. Bitker admits, that he did not make any payments. However, we do not find such an admission in the record, nor do we find any evidence to the contrary. Nonetheless, the district court relied on that fact, which is undisputed by Mr. Bitker.

**4.** First National Bank's suit to recover the debt was dismissed

ment of the promissory note and the pending foreclosure on the property, which satisfied § 34–4–103(a)(iii) and (iv). Having failed to present any facts in support of his allegations of fraudulent foreclosure, summary judgment was appropriate on that claim.

[¶ 15] Finally, Mr. Bitker vaguely alleged breach of contract, intentional interference with a prospective business relationship, and breach of duty by his former attorney. Unfortunately, Mr. Bitker presented no cogent argument or pertinent legal authority to support any of those allegations either to the district court or to this Court. *Pro se* litigants are not excused from the requirements that cogent argument and legal authority must be presented. *Haworth v. Royal,* 2003 WY 26, ¶ 4, 63 P.3d 912, ¶ 4 (Wyo.2003).

[¶ 16] We affirm the order of the district court granting First National Bank's motion for summary judgment.