2005 WY 57

Lisa G. WILSON and Kim Wilson, wife and husband, Appellants (Plaintiffs),

v.

TOWN OF ALPINE, Wyoming, Appellee (Defendant).

No. 04–167.

Supreme Court of Wyoming.

May 9, 2005.

Representing Appellants: V. Anthony Vehar of Vehar Law Offices, P.C., Evanston, Wyoming.

Representing Appellee: Richard Rideout of Law Offices of Richard Rideout, P.C., Cheyenne, Wyoming.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

VOIGT, Justice, delivered the opinion of the Court.

[¶ 1] The district court dismissed this negligence action because the appellants' notice of governmental claim did not meet constitutional requirements. We dismiss this appeal for the same reason.

### ISSUES

1. Did the district court have subject matter jurisdiction over the claim?

2. Was the appellee barred by the equitable doctrine of either estoppel or laches from asserting the lack of subject matter jurisdiction?

## FACTS

[¶ 2] On July 2, 1998, while staying in Alpine, Wyoming, Lisa Wilson allegedly contracted e-coli poisoning and Hemolytic–Uremic Syndrome by drinking water from the Town of Alpine's (the appellee) municipal supply. On June 7, 1999, Wilson and her husband (the appellants) presented a notice of claim to the appellee pursuant to the Wyoming Governmental Claims Act, Wyo. Stat. Ann. § 1–39–101, *et seq.* (Lexis 1999), alleging that the appellee's negligence had caused the appellants' injuries. The notice of claim was signed by the appellants' attorney, rather than by the appellants, and was not certified to under penalty of perjury. The appellee denied the claim, and the appellants filed suit on May 19, 2000. On May 28, 2004, the district court entered an order granting the appellee's motion to dismiss, citing *Beaulieu v. Florquist*, 2004 WY 31, ¶ 15, 86 P.3d 863, 868–69 (Wyo.2004) and *Yoak v. Ide*, 2004 WY 32, ¶ 6, 86 P.3d 872, 874 (Wyo.2004), for the proposition that a governmental claim not meeting the constitutional signature and certification requirements is deficient, thereby depriving the court of subject matter jurisdiction.[1] This appeal followed.

## STANDARD OF REVIEW

[¶ 3] The appellee's motion to dismiss did not identify a particular court rule as its basis, did not mention subject matter jurisdiction, and alleged solely that the notice of claim was defective. Logically, such a motion could have been made under W.R.C.P. 12(b)(6), for failure to state a claim upon which relief can be granted. The district court, however, noting that the absence of a valid notice of claim is jurisdictional, treated the motion as a motion to dismiss for lack of subject matter jurisdiction under W.R.C.P. 12(b)(1).

[¶ 4] On appeal, the appellants insist that, because the district court considered the notice of claim, a copy of which was attached to the motion but which had not been attached to any pleading, the motion was converted to a W.R.C.P. 56 motion for summary judgment. The district court's order does not, however, evidence such conversion, and does not contain the findings and conclusions that would suggest summary judgment.[2] We are inclined to follow suit and to consider the motion as it was entitled—a motion to dismiss. In the end, it makes little difference because the material facts are not in dispute and judgment was entered as a matter of law. In reviewing both motions to dismiss and motions for summary judgment—as well as motions for judgment on the pleadings—the facts are considered in the light most favorable to the party opposing the motion, and the motion is granted only if those facts dictate that judgment should be entered as a matter of law. *See Bonnie M. Quinn Revocable Trust v. SRW, Inc.*, 2004 WY 65, ¶ 8, 91 P.3d 146, 148 (Wyo.2004) (*quoting Manion v. Chase Manhattan Mortgage Corp.*, 2002 WY 49, ¶ 6, 43 P.3d 576, ¶ 6 (Wyo.2002)); *Rodriguez v. Casey*, 2002 WY 111, ¶ 4, 50 P.3d 323, 325 (Wyo.2002) (*quoting Greeves v. Rosenbaum*, 965 P.2d 669, 671 (Wyo.1998)); and *McLean v. Hyland Enterprises, Inc.*, 2001 WY 111, ¶ 6, 34 P.3d 1262, 1265 (Wyo.2001). Conclusions of law are reviewed *de novo. Bixler v. Oro Management, L.L.C.*, 2004 WY 29, ¶ 11, 86 P.3d 843, 847 (Wyo.2004).

## DISCUSSION

### *Subject Matter Jurisdiction*

[¶ 5] The appellants presented to the appellee a notice of claim that did not

(Emphasis added.)

---

1. Article 16, § 7 of the Wyoming Constitution provides as follows:

    No money shall be paid out of the state treasury except upon appropriation by law and on warrant drawn by the proper officer, and *no* bills, *claims*, accounts or demands against the state, or any county or political subdivision, *shall be audited, allowed or paid until a full itemized statement in writing, certified to under penalty of perjury, shall be filed with the officer or officers whose duty it may be to audit the same.*

2. None of the following were included in the record on appeal, leaving a considerable gap in this Court's ability to understand what happened below: the appellants' traverse to the motion to dismiss, the appellee's response to that traverse, and the hearing transcript. We do not know, for instance, whether the district court considered the affidavit of the appellants' counsel.

meet the requirements of Article 16, § 7 of the Wyoming Constitution—it was neither signed by the claimants nor certified to under penalty of perjury. We will affirm the district court's order of dismissal for lack of subject matter jurisdiction. *See Wooster v. Carbon County School Dist. No. 1*, 2005 WY 47, 109 P.3d 893 (Wyo.2005), and the cases cited therein. Furthermore, even if the matter was not considered jurisdictional, the notice of claim indisputably did not meet constitutional requirements and was, on its face, invalid as a governmental claim, thereby entitling the appellee to judgment as a matter of law. *Id.* And finally, the district court appropriately dismissed with prejudice, inasmuch as it was then impossible for the appellants to comply with the mandatory filing deadline of Wyo. Stat. Ann. § 1–39–113, which is a substantive non-claim statute, rather than a procedural statute of limitations. *Bell v. Schell*, 2004 WY 153, ¶¶ 25–36, 101 P.3d 465, 472–76 (Wyo.2004).

### *Equity*

[¶ 6] Because the record on appeal is so sparse, we have no way of knowing whether the appellants' estoppel and laches arguments were raised below and, if so, how they were treated by the district court. We suspect, given the jurisdictional dismissal, that they were not considered by that court. In this Court, the appellants' equitable arguments are supported largely by reference to their attorney's affidavit setting forth the amount of time and money spent on the litigation. This affidavit may or may not have been considered by the district court, and it played no part in its decision. Because we agree with the jurisdictional dismissal, we will not further consider the equitable arguments.

### CONCLUSION

[¶ 7] The complaint in this action is based upon an invalid governmental claim. That fact deprived the district court of jurisdiction to consider the matter on the merits. Because we can have no better jurisdiction than did the district court, we dismiss this appeal.

*Lankford v. City of Laramie*, 2004 WY 143, ¶ 23, 100 P.3d 1238, 1244 (Wyo.2004).

BURKE, Justice, filed a dissenting opinion, with which KITE, Justice, joined.

BURKE, Justice, dissenting, with whom KITE, Justice, joins.

[¶ 8] I dissent because I am convinced that the holding of *Beaulieu v. Florquist*, 2004 WY 31, 86 P.3d 863 (Wyo.2004) (*Beaulieu II*), relating to subject matter jurisdiction, should not be retroactively applied in this case.

[¶ 9] In *Beaulieu II*, this Court determined that a failure to comply with the execution and certification requirements of Article 16, § 7 of the Wyoming Constitution created a subject matter jurisdiction defect. In so holding, the Court specifically overruled *Martinez v. City of Cheyenne*, 791 P.2d 949 (Wyo.1990), which held that a failure to properly verify or certify a governmental claim as required by Article 16, § 7 "is nothing more than a defect or irregularity that is not jurisdictional." *Beaulieu II*, ¶¶ 12–13.

[¶ 10] In *Wooster v. Carbon County School Dist. No. 1*, 2005 WY 47, 109 P.3d 893 (Wyo.2005), this Court declined to limit *Beaulieu II* to prospective application and affirmed summary judgment against Mr. Wooster because he had failed to comply with Article 16, § 7. In justifying its decision, the Court stated:

> The dissent contends that the erroneous holding of *Martinez* should be applied to the instant case to save the appellant's invalid claim, because *Martinez* was not overruled until *Beaulieu II* in 2004. We decline to do so, for three reasons. First, as recited above, the appellant's notice of claim was presented to the appellee sixteen months **after** the publication of *Beaulieu I*, where we clearly announced that, to be valid, governmental claims had to be signed by the claimant and certified to under the penalty of perjury.

*Wooster*, ¶ 18.

[¶ 11] In this case, all essential facts upon which subject matter jurisdiction must be determined predate *Beaulieu v. Florquist*,

2001 WY 33, 20 P.3d 521 (Wyo.2001) (*Beaulieu I*). The incident upon which appellants' claim is based occurred in July, 1998. Appellants presented their Notice of Claim in June, 1999. They commenced this action by filing their complaint in May, 2000. *Beaulieu I* was decided in 2001. The factual predicate which provides the foundation for the majority's decision to allow retroactive application in *Wooster* is absent here.

[¶ 12] Pursuant to *Martinez*, appellee was required to timely raise lack of compliance with Article 16, § 7 as a defense to the claim. Failure to timely assert the defense resulted in waiver of the defense. *Martinez*, 791 P.2d at 958. Appellee did not raise the defense until April, 2004, nearly four years after litigation had commenced.

[¶ 13] Prior to *Wooster*, we consistently rejected retroactive application of a new rule of law when such application would produce substantial inequitable results. *Wooster*, ¶¶ 24–28 (Burke, J., dissenting). In making a determination as to whether a decision of this Court should be applied retroactively, we employ a three part test:

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, it has been stressed that "we must . . . weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." *Linkletter v. Walker*, [381 U.S. 618, 629, 85 S.Ct. 1731, 1737, 14 L.Ed.2d 601 (1965)]. Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could

produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity." *Cipriano v. City of Houma*, [395 U.S. 701, 706, 89 S.Ct. 1897, 1900, 23 L.Ed.2d 647 (1969)].

*Hanesworth v. Johnke*, 783 P.2d 173, 177 (Wyo.1989) (emphasis omitted).

[¶ 14] Application of that test inescapably leads to the conclusion that *Beaulieu II* should not be applied retroactively in this case.[1]

> a. *Beaulieu II* created new law by overruling the clear past precedent of *Martinez*.

> b. There is no valid purpose to be served by retroactive application.

> c. Retroactive application produces substantial inequitable results in this case. Appellants are prevented from having their case determined on the merits. Appellee, which waived its Article 16, § 7 compliance defense, is fortuitously released from potential liability for its wrongful acts.

[¶ 15] In summary, *Wooster* is factually distinguishable and is not binding precedent with respect to the issue of retroactive application of *Beaulieu II* in this case. Appellants meet the three requirements of the *Hanesworth* test and are entitled to protection from retroactive application of *Beaulieu II*. The decision of the district court should be reversed.

---

1. See the dissent in *Wooster* for further discussion of proper application of the *Hanesworth* test as it relates to the holding of *Beaulieu II*. *Wooster*, ¶¶ 28–50.