2005 WY 133

**Seanoa F. LAVATAI, an individual, Appellant (Plaintiff),**

v.

**STATE of Wyoming, a governmental entity; Thomas Wilhelmsen, an individual; and Does 1 through 20, inclusive, Appellees (Defendants).**

No. 03–206.

Supreme Court of Wyoming.

Oct. 13, 2005.

Representing Appellant: Robert G. Pickering of The Pickering Law Firm, P.C., Fort Collins, Colorado.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; Craig E. Kirkwood, Senior Assistant Attorney General.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, JJ., and YOUNG, D.J.

GOLDEN, Justice.

[¶ 1] The district court granted summary judgment to the State of Wyoming and its snowplow operator (State appellees) in a governmental claims act personal injury negligence action because the claimant's (Seanoa F. Lavatai) notice of governmental claim, filed before the action was commenced, did not meet the constitutional requirement that the claimant sign the written claim and certify it under penalty of perjury. *Beaulieu v. Florquist,* 2001 WY 33, ¶¶ 12–18, 20 P.3d 521, 526–27 (Wyo.2001) (*Beaulieu I* ); *see also Wooster v. Carbon County Sch. Dist. No. 1,* 2005 WY 47, 109 P.3d 893 (Wyo.2005); *Bell v. Schell,* 2004 WY 153, ¶¶ 10–11, 16–36, 101 P.3d 465, 468, 469–76 (Wyo.2004); *Yoak v. Ide,* 2004 WY 32, ¶ 6, 86 P.3d 872, 874 (Wyo. 2004); and *Beaulieu v. Florquist,* 2004 WY 31, ¶¶ 6–15, 86 P.3d 863, 866–69 (Wyo.2004) (*Beaulieu II* ). In this appeal, Lavatai asks this Court to adopt a substantial compliance exception to the constitutional requirement. Failing this Court's adoption of that exception, Lavatai asks this Court, on grounds of fairness and equity under the facts of this case, to relieve him of strict compliance with the constitutional requirement because of the State appellees' failure, in the period leading up to the summary judgment proceeding, timely to reveal in what specific way his

governmental claim did not comply with the constitutional requirement. For the reasons stated below, this Court shall not relieve him of strict compliance with that constitutional requirement. This Court affirms the district court's summary judgment in favor of the State appellees.

## ISSUES

[¶ 2] Lavatai presents this statement of the issues:

1. Did the certification of Appellant's deposition before a notary public under penalty of perjury, which deposition contains the same facts as in earlier filed governmental claim, constitute substantial compliance when the certification was signed by Appellant and served upon the State of Wyoming through its counsel *prior* to the governmental claim bar date?

2. Does equity and the fair administration of justice preclude the State of Wyoming from asserting the Article 16, § 7 defense under the narrow facts of this case, including the State's failure to fulfill the mandatory duty imposed by the Wyoming Rules of Civil Procedure to timely, fully and completely answer interrogatories specifically designed to discover the basis of the State's affirmative defense so that any defects in the government claim notice could be cured prior to the running of the governmental claim bar date?

The State appellees present these issues:

1. Did Appellant's notice of claim meet the requirements of Wyo. Const. art. 16 § 7 and, thus, constitute a valid notice of claim?

2. Is the doctrine of substantial compliance available to Appellant to excuse his failure to comply with the requirements of Wyo. Const. art. 16 § 7?

3. Is any equitable doctrine available to Appellant to excuse his non-compliance with the requirement that a valid govern-

mental claim be filed with the State Auditor or other appropriate official within two years of the date of the alleged act, error or omission as required by Wyo. Stat. § 1–39–113 and the decision of this Court in *Beaulieu v. Florquist,* 2001 WY 33, 20 P.3d 521 (Wyo.2001)?

4. Was the district court correct in granting summary judgment based on its finding that Appellant failed to timely file a valid notice of claim and that Appellant's attempt to "cure" his defective notice of claim was untimely and ineffective?

## FACTS

[¶ 3] On February 27, 2001, Lavatai, a truck driver from Utah, collided with a snow plow operated by a Wyoming state employee, Thomas Wilhelmsen. On March 30, 2001, this Court published *Beaulieu I,* which made it clear that a governmental claim must meet the requirements of Article 16, Section 7, of the Wyoming Constitution, including that the claim must be signed and certified under penalty of perjury by the claimant. Fourteen months later, on June 12, 2002, counsel for Lavatai signed and sent a letter "claim" to the State of Wyoming's risk manager describing Lavatai's claim and containing a request that the State notify Lavatai's counsel of any "procedural" defects with the claim. The State made no response, and on September 23, 2002, Lavatai's counsel sent another letter to the state risk manager inquiring about the status of the claim. On October 16, 2002, the state risk manager sent a letter to Lavatai's counsel denying the claim solely on the merits and without mention of any failure to comply with statutory or constitutional requirements. Lavatai filed suit on October 31, 2002, and alleged in his complaint that he had filed a notice of claim "in accordance with W.S. § 1–39–113 and Art. 16, Sec. 7 of the Constitution of the State of Wyoming." [1] In the answer filed on Novem-

---

1. Wyo. Stat. Ann. § 1–39–113 (LexisNexis 2005) provides for the following governmental claims procedure:

(a) No action shall be brought under this act against a governmental entity unless the claim upon which the action is based is presented to the entity as an itemized statement in writing

within two (2) years of the date of the alleged act, error or omission, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:

ber 26, 2002, the State appellees declared that they "expressly deny the validity of said claim and deny that said claim complied with Wyoming law" and asserted, as the sixth affirmative defense, that the court lacked subject matter jurisdiction over the matter. On December 31, 2002, Lavatai's counsel served interrogatories on the State appellees requesting that they "[i]dentify all facts, ... witnesses, ... and ... writings ... in support of your affirmative defenses."

[¶ 4] On January 14, 2003, State appellees' counsel deposed Lavatai. On January 27, 2003, the district court held a scheduling conference in accordance with W.R.C.P. 16 and asked the parties to state whether dispositive motions would be filed. State appellees' counsel indicated that dispositive motions would be filed but did not inform the court that any motion would be directed towards challenging subject matter jurisdiction. On February 1, 2003, the State appellees' answers to Lavatai's interrogatories were due but were not provided to Lavatai. On February 11, 2003, which was sixteen days before the expiration of the two-year period for filing a claim in compliance with the constitutional requirement, Lavatai signed his deposition transcript and changes thereto before a notary public under oath and penalty of perjury. On February 18, 2003, the court reporter certified delivery of the original deposition transcript and changes thereto made by Lavatai to State appellees' counsel. The State employee defendant, Wilhelmsen, served his interrogatory answers; however, his answer to the specific interrogatory requiring all facts,

witnesses, and writings in support of affirmative defenses stated:

> See Defendants' Answer and Affirmative Defenses, filed 11/26/02. As to the negligence, see Exhibit C and Plaintiff's depiction of facts contained in his deposition. Some affirmative defenses are legal and not factual in nature, and will be raised at the appropriate times.

The State, as defendant, failed to serve its answers to any of the interrogatories.

[¶ 5] The date of expiration of the two-year period for filing a claim complying with the constitutional requirement was February 27, 2003, and it was on that date the State appellees' counsel filed and served on Lavatai's counsel the summary judgment motion specifying the jurisdictional defect in Lavatai's claim—that Lavatai had not signed the claim under penalty of perjury. On March 18, 2003, Lavatai served his opposition to the State's summary judgment motion. On April 14, 2003, Lavatai filed a motion to compel discovery and interrogatory answers, and on April 22, 2003, the State appellees filed a response to Lavatai's motion to compel discovery. On May 28, 2003, Lavatai filed an opposition memorandum to the State appellees' summary judgment motion. A motions hearing was held on June 5, 2003, to consider the State appellees' summary judgment motion and Lavatai's motion to compel discovery.

[¶ 6] The district court agreed with the State appellees' contention that the claim had not complied with the certification requirements of the constitutional provision and,

(i) Not reasonably discoverable within a two (2) year period; or

(ii) The claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence.

(b) The claim shall state:

(i) The time, place and circumstances of the alleged loss or injury including the name of the public employee involved, if known;

(ii) The name, address and residence of the claimant and his representative or attorney, if any; and

(iii) The amount of compensation or other relief demanded.

(c) All claims against the state shall be presented to the general services division of the department of administration and information.

Claims against any other governmental entity shall be filed at the business office of that entity. In the case of claims against local governments the claim submitted need not be acted upon by the entity prior to suit.

Article 16, § 7 of the Wyoming Constitution requires the following for a payment of public money:

No money shall be paid out of the state treasury except upon appropriation by law and on warrant drawn by the proper officer, and no bills, claims, accounts or demands against the state, or any county or political subdivision, shall be audited, allowed or paid until a full itemized statement in writing, certified to under penalty of perjury, shall be filed with the officer or officers whose duty it may be to audit the same.

thus, the court was without jurisdiction to hear the matter. Because the two-year statute of limitations set forth in § 1–39–114 had expired and Lavatai would not be able to timely comply, the district court ruled the State appellees were entitled to summary judgment as a matter of law. On August 5, 2003, the district court granted summary judgment to the State appellees. This appeal followed.

## DISCUSSION

### Standard of Review

[¶ 7]   We review this appeal by applying our well-established standard of review for summary judgments which we need not reiterate here. W.R.C.P. 56; *Bitker v. First National Bank in Evanston, et al.*, 2004 WY 114, ¶ 8, 98 P.3d 853, ¶ 8 (Wyo.2004).

### Substantial Compliance

■ [¶ 8]   We have previously addressed the issue of substantial compliance and determined that there has not been substantial compliance with the signature requirement if the claimant has not signed the claim at all. *Yoak*, ¶ 7, 86 P.3d at 874. Here, Lavatai did not sign the letter serving as a notice of claim. It was signed by his attorney. Lavatai contends that he signed a deposition transcript attesting that the facts resulting in his claim were true under penalty of perjury. Under our rule established in *Yoak*, however, this process and signature cannot be deemed substantial compliance by Lavatai. Without Lavatai's signature and certification under penalty of perjury, the notice of claim was not valid and failed to invoke the subject matter jurisdiction of the court. Because the time has passed when a valid notice of claim could have been filed, the State appellees were entitled to summary judgment unless it was equitably estopped from asserting a statute of limitations affirmative defense. Lavatai presents two arguments that the State appellees should be equitably estopped.

[¶ 9]   In his first argument Lavatai asks that we address whether our decision in *Rissler & McMurry Co. v. Wyoming Highway Department*, 582 P.2d 583 (Wyo.1978), allows a ruling that the State appellees should be equitably estopped from denying that he had substantially complied with the certification requirements. The State appellees contend that the basis for equitable estoppel applied in *Rissler* does not exist in this case and the *Yoak* decision is controlling. In *Rissler*, the contractor had filed a notice of claim in accordance with the state agency's published notice requirements. These published notice requirements differed from the notice requirements set forth in the statute. Later, the state contended that the court lacked subject matter jurisdiction because the notice of claim should have been filed with the state auditor in accordance with the statute. This Court held that the state was equitably estopped from relying upon this argument and found that the contractor had substantially complied with the notice of claim requirements. *Id.* at 588. *Rissler's* factual basis significantly differs from the constititutional requirement at issue in this case, and we must agree with the State appellees that the controlling law is our decision in *Yoak*. Therefore, this equitable estoppel precedent does not prevent the State appellees from asserting Lavatai has failed to comply with the constitutional requirements.

■ [¶ 10]   In his second argument, Lavatai contends that, on three different occasions, the State appellees should have notified him that his claim did not comply with the constitutional requirement. The first occasion was upon receipt of his claim; the second, when the State appellees asserted a lack of subject matter jurisdiction as an affirmative defense in their answer; and, the third, when Lavatai requested that the State appellees provide specific information in response to an interrogatory about the affirmative defenses and the State appellees failed to respond. Lavatai argues that because the State appellees stood silent when they had a duty to speak, they should be equitably estopped from asserting a jurisdictional affirmative defense.

[¶ 11]   The State appellees respond to this equitable estoppel argument by pointing out that Lavatai does not offer any legal authority which imposes a duty upon a party or that party's counsel to notify the opposing party and counsel that they had not carefully read

the law, in this case the Wyoming Constitution. The State appellees argue that Lavatai and his counsel had access, unhindered by the State appellees and their counsel, to their own "claim letter," the Wyoming Constitution, and *Beaulieu I* and earlier decisions from this Court and that the State appellees and their counsel did not conceal from their adversaries any information necessary to establish a claim in compliance with the constitutional requirements. Moreover, the State appellees contend they made no representations upon which their adversaries relied to their detriment.

[¶ 12] We agree with the State appellees' position. Lavatai and his counsel can not shift to their adversaries the responsibility to know the applicable law. While Lavatai and his counsel complain about their adversaries' failure in their duty of candor and failure timely to answer interrogatories, the record shows that they did not confer, or attempt to confer, with the State appellees' counsel about the unanswered interrogatories or seek relief from the district court under the provisions of W.R.C.P. 37.

[¶ 13] This Court has considered all of the grounds argued by Lavatai and find no merit in them. Because satisfying the constitutional requirements is a condition precedent to the filing of a proper governmental claim, and Lavatai did not meet that condition precedent, this Court has no choice but to affirm the district court's summary judgment in this case.

KITE, J., specially concurring.

[¶ 14] I concur with the majority's decision in this case because Mr. Lavatai failed to sign and certify his governmental claim under penalty of perjury prior to filing his suit, thereby depriving the district court of subject matter jurisdiction. See e.g., *Beaulieu v. Florquist*, 2004 WY 31, ¶ 14, 86 P.3d 863, 868 (Wyo.2004); *Yoak v. Ide*, 2004 WY 32, ¶ 8, 86 P.3d 872, 875 (Wyo.2004). In accordance with my dissents in *Wooster v. Carbon County School Dist. No. 1*, 2005 WY 47, 109 P.3d 893 (Wyo.2005) and *Wilson v. Town of Alpine*, 2005 WY 57, 111 P.3d 290 (Wyo.2005), I continue to believe the *Beaulieu* decision should not have been applied

retroactively. Nevertheless, I recognize, under the doctrine of *stare decisis*, we are required to follow our precedent.

[¶ 15] I feel compelled, however, to comment about the State's tactics in this case. The State had numerous opportunities to alert Mr. Lavatai to the problem with his governmental claim, including: in the State risk manager's initial response; in its answer to his civil complaint; and in its responses to his specific interrogatories. In what appears to be a calculated effort to delay Mr. Lavatai's recognition of his technical error until after it was too late to correct it, the State obscured its position on the validity of his governmental claim. Granted, Mr. Lavatai does not direct us to authority showing the State's risk manager had an affirmative obligation to alert him about the error when she responded, in the first instance, to his governmental claim. Similarly, the question of whether the State's answer to his complaint, together with the affirmative defense alleging the district court lacked subject matter jurisdiction, was sufficiently definite is, perhaps, open to argument. See e.g., *Harris v. Grizzle*, 599 P.2d 580, 583 (Wyo.1979); *Romero v. Schulze*, 974 P.2d 959, 964 (Wyo. 1999).

[¶ 16] However, the State's obligation to respond to Mr. Lavatai's interrogatories is a different matter altogether. Mr. Lavatai served each of the defendants with interrogatories on December 31, 2002, including a request for identification of "all facts, . . . witnesses, . . . and writings . . . in support of your affirmative defenses." W.R.C.P. 33 requires a party served with interrogatories to fully answer all non-objectionable interrogatories within 30 days. Thus, the defendants' answers were due on or about February 1, 2003. The State defendant wholly failed to respond to Mr. Lavatai's discovery requests. The individual snowplow operator defendant, who was also represented by the State, responded to Mr. Lavatai's interrogatory on February 21, 2003, with the following vague answer:

See Defendants' Answer and Affirmative Defenses, filed 11/26/02. As to the negligence, see Exhibit C and Plaintiff's depiction of facts contained in his deposition.

Some affirmative defenses are legal and not factual in nature, and will be raised at the appropriate times.

[¶ 17] The two year period for filing a proper claim under the Governmental Claims Act expired on February 27, 2003, and, on February 28, 2003, the State filed and served its summary judgment motion. The State maintained the district court did not have jurisdiction over Mr. Lavatai's claim because he had not personally signed the claim under penalty of perjury and his claim must be dismissed with prejudice because the two year statute of limitations had expired February 27, 2003. The district court had no choice but to dismiss.

[¶ 18] In response to Mr. Lavatai's equitable estoppel arguments, the State claims it had no duty to provide legal advice to an opponent and, absent an affirmative misrepresentation or concealment of facts of which it had superior knowledge, it did nothing wrong. It is true that the State was not obligated to provide legal advice to Mr. Lavatai, but it did have a legal duty to respond to his discovery requests. Mr. Lavatai requested the facts, witnesses, and writings in support of the State's affirmative defense. Clearly, Mr. Lavatai's failure to personally sign his governmental claim under penalty of perjury was a fact which supported the State's affirmative defense that the district court did not have subject matter jurisdiction over the matter. W.R.C.P. 33 obligated the State to answer Mr. Lavatai's interrogatory within 30 days and Rule 3.4 of the Wyoming Rules of Professional Conduct placed the responsibility upon the State's attorneys to "make reasonably diligent effort to comply with a legally proper discovery request by an opposing party[.]" The State did not, in good faith, comply with its discovery obligations.

[¶ 19] The record is replete with evidence showing that the State willfully withheld the information about its defense from Mr. Lavatai, in hopes that the two-year period under the Governmental Claims Act would expire before he realized his mistake. The State did not respond to his interrogatories in accordance with the rules of civil procedure, and, when it did respond on behalf of the snowplow operator defendant, it did so in a consciously oblique manner. The State's actions, which included conducting discovery, served the purpose of lulling Mr. Lavatai into believing there was no statute of limitations problem. This implication was strengthened at a scheduling conference in January 2003, when the State indicated that it would file a dispositive motion but did not specify that the basis for the motion would be a lack of jurisdiction or expiration of the statute of limitations. Then, immediately after the two year period ran out, the State filed its summary judgment motion challenging the district court's subject matter jurisdiction. Obviously, the State deliberately intended to delay Mr. Lavatai's discovery of the defect in his claim in order to allow the statute of limitations to expire.

[¶ 20] This conduct resulted in a "win" for the State, but at what cost? Of course, an attorney for the State, like any attorney, has the duty to zealously represent his client. See e.g., *Brooks v. Zebre*, 792 P.2d 196, 200–01 (Wyo.1990). The language we used in *Kath v. Western Media, Inc.*, 684 P.2d 98, 100–01 (Wyo.1984), quoting *Virzi v. Grand Trunk Warehouse and Cold Storage Co.*, 571 F.Supp. 507, 512 (E.D.Mich.1983) is instructive on how an attorney should balance these obligations:

" * * * Opposing counsel does not have to deal with his adversary as he would deal in the marketplace. Standards of ethics require greater honesty, greater candor, and greater disclosure, even though it might not be in the interest of the client or his estate.

The handling of a lawsuit and its progress is not a game. There is an absolute duty of candor and fairness on the part of counsel to both the Court and opposing counsel. At the same time, counsel has a duty to zealously represent his client's interests. That zealous representation of interest, however, does not justify a withholding of essential information. * * *

* * * [T]he profession should embrace an affirmative ethical standard for attorneys' professional relationships with courts, other lawyers and the public: The lawyer must act honestly and in good faith. An-

other lawyer * * * * who deals with a lawyer should not need to exercise the same degree of caution that he would if trading for reputedly antique copper jugs in an oriental bazaar. It is inherent in the concept of an ethic, as a principle of good conduct, that it is morally binding on the conscience of the professional, and not merely a rule of the game adopted because other players observe (or fail to adopt) the same rule. Good conduct exacts more than mere convenience. * * * *

* * * * Candor is not inconsistent with striking a deal on terms favorable to the client, for it is known to all that, at least within limits, that is the purpose to be served. * * * * The distinction between honesty and good faith need not be finely drawn here; all lawyers know that good faith requires conduct beyond simple honesty."

*Kath*, 684 P.2d at 100–02 (quoting J. Rubin, A Causerie on Lawyer's Ethics in Negotiations, 35 La.L.Rev. 577, 589–90 (1975)). I do not believe the State's actions in this case demonstrate the high standard of candor, honesty, and good faith required by our rules of civil procedure, rules of professional conduct, and precedent.

[¶ 21] I am particularly troubled by the fact that it was the State who engaged in these questionable tactics. State government is representative of the people. As we have recognized in other cases, the government "wins its point whenever justice is done its citizens in the courts." See *Beaugureau v. State*, 2002 WY 160, ¶ 16, 56 P.3d 626, 634 (Wyo.2002) (quoting *Stephens v. State*, 774 P.2d 60, 68 (Wyo.1989), which quoted *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1197, 10 L.Ed.2d 215 (1963)). I wonder if the State honestly believes Mr. Lavatai was afforded justice in this case.