2006 WY 57

**Kevin L. CANTRELL and Lori L. Cantrell, natural parents and duly appointed representatives of Shane A. Cantrell, a minor, Appellants (Plaintiffs),**

v.

**SWEETWATER COUNTY SCHOOL DISTRICT NO. 2, Appellee (Defendant).**

No. 05–215.

Supreme Court of Wyoming.

May 11, 2006.

Representing Appellants: Richard Honaker of Honaker Law Offices, LC, Rock Springs, Wyoming.

Representing Appellee: Ford T. Bussart and William B. Payne of Bussart, West & Tyler, P.C., Rock Springs, Wyoming. Argument by Mr. Bussart.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

VOIGT, Justice.

[¶ 1] The parents of a now-ten-year-old boy appeal from the district court's dismissal of their complaint against a school district alleging injuries suffered by the boy on school property. The district court concluded that it lacked subject matter jurisdiction in the matter because the claim presented to the school district was not certified to under penalty of perjury, as is required by the Wyoming Constitution.

[¶ 2] We reverse.

## ISSUE

[¶ 3] We will restate the dispositive issue as follows:

> Does a verified affidavit, signed under oath by the claimants, satisfy the requirement of Article 16, § 7 of the Wyoming Constitution that claims against governmental entities be "certified to under penalty of perjury"?

## FACTS

■ [¶ 4] When reviewing the dismissal of an action under W.R.C.P. 12(b)(1) for lack of subject matter jurisdiction, we accept the allegations of the complaint as true, we consider the facts in the light most advantageous to the appellants, and we affirm dismissal only if those facts dictate judgment for the appellee as a matter of law. *Wilson v. Town of Alpine,* 2005 WY 57, ¶ 4, 111 P.3d 290, 291 (Wyo.2005). Applying that standard, we will set forth the relevant facts from the appellants' complaint:

[¶ 5] The appellants' then-seven-year-old son was seriously injured on January 23, 2003, when he fell from playground equipment on the appellee's property. The appellants subsequently were appointed by the probate court as co-guardians of their son's person and co-conservators of his estate. On January 13, 2005, they presented to the appellee a document entitled "Wyoming Governmental Claim," in which they sought compensation for their son's injuries. Both appellants signed the claim under oath before a notary public, who documented their signatures as follows:

STATE OF WYOMING )
) ss.
COUNTY OF SWEETWATER )

BEFORE ME, Kaye L. Fabritz, a Notary Public in and for Sweetwater County, State of Wyoming, personally appeared Kevin L. Cantrell and he, being first duly sworn by me upon his oath, says that the facts alleged in the foregoing instrument are true.

WITNESS my hand and official seal.

/s/ *Kaye L. Fabritz*

Notary Public

A separate similar entry was made for Lorie L. Cantrell.[1] The district court concluded that this procedure did not satisfy the constitutional requirement that claims be "certified to under penalty of perjury."

## STANDARD OF REVIEW

[¶ 6] The existence of subject matter jurisdiction is a question of law that we review *de novo*. *Dir. of the Office of State Lands & Invs. v. Merbanco, Inc.*, 2003 WY 73, ¶ 7, 70 P.3d 241, 246 (Wyo.2003). Similarly, the district court's interpretation and application of the Wyoming Constitution presents a question of law that is also reviewed *de novo*. *RM v. Washakie County Sch. Dist. No. One*, 2004 WY 162, ¶ 7, 102 P.3d 868, 871 (Wyo.2004). In construing constitutional provisions, we follow the same rules that govern the construction of statutes. *Id.;* and *Cathcart v. Meyer*, 2004 WY 49, ¶ 39, 88 P.3d 1050, 1065 (Wyo.2004). We are guided primarily by the intent of the drafters, and in determining that intent we look first to the plain and unambiguous language used. *Cathcart*, 2004 WY 49, ¶ 39, 88 P.3d at 1065. Only if we find a provision to be ambiguous do we resort to the rules of construction. *Mgmt. Council of the Wyo. Legislature v. Geringer*, 953 P.2d 839, 843 (Wyo.1998). In such case, we then consider the mischief the provision was intended to cure, the historical setting surrounding its enactment, the public policy of the state, and other surrounding facts and circumstances. *Merbanco*, 2003 WY 73, ¶ 35, 70 P.3d at 253. The initial question of whether a constitutional provision is ambiguous is a question of law,

reviewed *de novo*. *Lance Oil & Gas Co. v. Wyo. Dep't of Revenue*, 2004 WY 156, ¶ 19, 101 P.3d 899, 905 (Wyo.2004); and *Wilson v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2003 WY 105, ¶ 6, 75 P.3d 669, 672 (Wyo.2003). Ambiguity exists if the provision is susceptible to more than one reasonable interpretation. *Lance Oil*, 2004 WY 156, ¶ 20, 101 P.3d at 905; and *Union Pac. Res. Co. v. Dolenc*, 2004 WY 36, ¶ 13, 86 P.3d 1287, 1291 (Wyo.2004).

## DISCUSSION

[¶ 7] Article 16, § 7 of the Wyoming Constitution currently provides as follows:

No money shall be paid out of the state treasury except upon appropriation by law and on warrant drawn by the proper officer, and no bills, claims, accounts or demands against the state, or any county or political subdivision, shall be audited, allowed or paid until a full itemized statement in writing, **certified to under penalty of perjury,** shall be filed with the officer or officers whose duty it may be to audit the same.

(Emphasis added.) We have repeatedly held that Article 16, § 7—including the language "certified to under penalty of perjury"—applies to claims presented under the Wyoming Governmental Claims Act, Wyo. Stat. Ann. §§ 1–39–101, *et seq.* (LexisNexis 2005). *See, for example, Lavatai v. State*, 2005 WY 133, ¶ 1, 121 P.3d 121, 121 (Wyo.2005); *Jauregui v. Mem'l Hosp. of Sweetwater County*, 2005 WY 59, ¶ 7, 111 P.3d 914, 916 (Wyo. 2005); *Wilson*, 2005 WY 57, ¶ 5, 111 P.3d at 291–92 (Wyo.2005); *Wooster v. Carbon County Sch. Dist. No. 1*, 2005 WY 47, ¶ 7, 109 P.3d 893, 896 (Wyo.2005); *Bell v. Schell*, 2004 WY 153, ¶ 10, 101 P.3d 465, 468 (Wyo.2004); *Yoak v. Ide*, 2004 WY 32, ¶ 6, 86 P.3d 872, 874 (Wyo.2004); *Beaulieu v. Florquist*, 2004 WY 31, ¶ 14, 86 P.3d 863, 868 (Wyo.2004) (*Beaulieu II*); and *Beaulieu v. Florquist*, 2001 WY 33, ¶ 17, 20 P.3d 521, 527 (Wyo. 2001). We have repeatedly also held that the district court does not have subject matter jurisdiction in the case of a governmental

---

1. The spelling of Mrs. Cantrell's first name appears alternatively in the file as Lorie or Lori.

claim that does not meet constitutional requirements. *Jauregui,* 2005 WY 59, ¶ 16, 111 P.3d at 919; *Wilson,* 2005 WY 57, ¶ 7, 111 P.3d at 292; and *Wooster,* 2005 WY 47, ¶ 22, 109 P.3d at 900.

[¶ 8] The issue of whether the constitution requires that a governmental claim be "certified to under penalty of perjury" is not being relitigated in the present case. Rather, the question now before the Court is whether that requirement—"certified to under penalty of perjury"—can be satisfied by a notarized oath in the form set forth above, in which the alleged facts of the claim are sworn to be true. The district court answered that question in the negative, concluding that the constitutional provision required the very words "under penalty of perjury" to be included in the claimants' certification.

[¶ 9] Wyo. Const. art. 16, § 7 was amended in 1970 to read as it currently does. Before that, it was worded as follows:

No money shall be paid out of the state treasury except upon appropriation by law and on warrant drawn by the proper officer, and no bills, claims, accounts or demands against the state, or any county or political sub-division, shall be audited, allowed or paid until a full itemized statement in writing, *verified by affidavit,* shall be filed with the officer or officers whose duty it may be to audit the same.

Wyo. Const. art. 16, § 7 (Michie 1957) (emphasis added). At the time of the amendment, Wyo. Stat. Ann. § 6–154 (Michie 1957) defined the crime of "false certificate, affidavit or statement" as follows:

Whoever willfully, corruptly and falsely before an officer, authorized to administer oaths, under oath or affirmation, voluntarily makes any false certificate, affidavit or statement of any nature, for any purpose, in any matter where an oath is authorized to be taken, or *whoever willfully, corruptly and falsely, voluntarily makes any false certificate or statement of any nature under penalty of perjury, shall be deemed guilty of perjury, and shall be*

*imprisoned in the penitentiary not more than five years.*

(Emphasis added.)

[¶ 10] The old constitutional requirement was to "verify" a claim by "affidavit." To "verify" means to "confirm or substantiate in law by oath or proof." *Webster's Third New International Dictionary of the English Language Unabridged* 2543 (2002). Similarly, *Black's Law Dictionary* 1556 (7th ed.1999) defines "verify" in our context as "to confirm or substantiate by oath or affidavit, to swear to the truth of." In turn, an "affidavit" is "a sworn statement in writing made esp[ecially] under oath or on affirmation before an authorized magistrate or officer[.]" *Webster's Third New International Dictionary* at 35. And once again, *Black's Law Dictionary* at 58 contains a similar definition: "A voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." By contrast, to "certify" is "to attest esp[ecially] authoritatively or formally[.]" *Webster's Third New International Dictionary* at 367. In legal parlance, to "certify" means to "authenticate or verify in writing . . . [t]o attest as being true or as meeting certain criteria." *Black's Law Dictionary* at 220. On its face, the unambiguous intent of the amended provision was to allow claims against governmental entities to be supported by unsworn certificates, so long as such were made "under penalty of perjury," thus making the declarant subject to a charge of perjury under Wyo. Stat. Ann. § 6–154. That is what the district court concluded in the present case, and to that extent, the district court was correct.

[¶ 11] In giving meaning to statutes and constitutional provisions, however, we must always endeavor to find the reasonable intent of the drafters. Constitutional provisions, like legislative enactments, are presumed to be logical, reasonable, and just. *Kunkle v. State ex rel. Wyo. Workers' Safety & Comp. Div.,* 2005 WY 49, ¶ 11, 109 P.3d 887, 890 (Wyo.2005); *Snake River Brewing Co. v. Town of Jackson,* 2002 WY 11, ¶ 29, 39 P.3d 397, 408 (Wyo.2002). The concomitant rule is that such provisions should not be read so as to produce absurd

results. *Corkill v. Knowles*, 955 P.2d 438, 445 (Wyo.1998), *on subsequent appeal*, 2002 WY 119, 51 P.3d 859. If we apply those rules, it is reasonable to conclude that the amended constitutional provision now before us was intended to allow the presentment of governmental claims supported by something less than an affidavit made under oath. It is not reasonable to conclude that the intent of the amended provision was to forbid the presentment of governmental claims supported by an affidavit made under oath, even if that is the very language that was replaced by amendment. If it is acceptable to *state* that the facts supporting a claim are true, it certainly must be acceptable to *swear* that those facts are true. In reaching this conclusion, we are cognizant of the fact that the purpose and effect of the constitutional amendment was to remove the words "verified by affidavit" from the provision. We are likewise aware of the presumption that an amendment means change was intended, and we are to endeavor to give effect to that change. *See Bd. of County Comm'rs for Sublette County v. Exxon Mobil Corp.*, 2002 WY 151, ¶ 30, 55 P.3d 714, 722 (Wyo.2002). We are not violating those rules here because it just is not reasonable to believe that, while establishing a lesser standard for presenting governmental claims, the intention was that claims meeting the higher standard would be barred. We conclude that, if a governmental claim is supported only by certificate, that certificate must be accompanied by the words "under penalty of perjury," but that a claim may be supported by verified affidavit without inclusion of those words.[2]

## CONCLUSION

[¶ 12] The requirement of Article 16, § 7 of the Wyoming Constitution that governmental claims be certified to under penalty of perjury was satisfied in this case by the verified affidavit of the claimant. While this is true, however, the better practice always will be to have the claimant sign the claim, "under penalty of perjury," as set out in the

constitution. This is not a situation where something "almost as good" was substituted for actual compliance, and we are not, therefore, finding substantial compliance sufficient. Rather, we are stating that compliance exceeding the constitutional language sufficed. The district court had jurisdiction over the governmental claim in this matter. The other issues raised by the parties are rendered moot by this conclusion.

[¶ 13] Reversed and remanded for further proceedings consistent herewith.

---

2. For interesting discussions of the meaning of the phrase "under penalty of perjury" in the context of a constitutional challenge to the false swearing statute, see *Nimmo v. State*, 603 P.2d 386, 388–89 (Wyo.1979), and *Id.* at 395–96 (Rose, J., dissenting). In particular, Justice Rose concludes that "under penalty of perjury" simply "provides the element of an oath" in that it provides a "declaration of veracity" to be submitted with the claim. *Id.* at 396.